Campbell, J.:
The village of Cassopolis levied taxes on the national bank stock of plaintiff, who was a resident of another township in the same county, claiming the right to do so because the bank was located in the village. The charter of the village authorizes the taxation of “ all *property, real and personal, within the limits of said village,” if not exempt from taxation for county and township purposes.
The general laws of the state provide for the taxation of national bank stock in the township where the bank is located, except that where a stockholder resides in another township in the same county, he is taxable in his own township.— Laws 1875, p. 185. Before the act of 1875 no shares of nonresidents of the place where the bank was located were taxable there, unless against non-residents of the state.— G. L. § 974.
The national banking law allows the stock in the hands of individuals to be taxed in such manner and place as the state may determine, subject only to two conditions, one of which is, that the rate shall not be greater than that of taxation on other moneyed capital of citizens, and the other, that nonresidents of the state holding stock shall be taxed in the city or town where the bank is located. — R. S. of U. S., § 5219.
The state legislation is therefore valid, and the only question is, whether the village charter authorizes taxation of stock in *448 the hands of owners not residing in Cassopolis, but in another town in Cass county.
There is no proper sense in which the stock of a non-resident can be regarded as personal property within the village, unless some statute has so declared. If the bank itself could be taxed, no doubt its personal property would be within the village, because following the domicile. But intangible property, like stock, must always follow the domicile, unless separated from it by positive law.
The only laws of this state which create this separation define its extent, and do not authorize it as against residents of the same county who reside in another township. The act of congress only requires it in case of non-residents of the state, and as to all state residents, authorizes the state to determine its own policy. The statutes are too plain to require construction.
*It would be contrary to all sound rules of construction to adopt an interpretation which should change the operation of the general taxing laws in particular localities, unless where there is a plain intent to do so. In the present case the intent is, we think, quite as plainly opposed to any such discrimination-, and except for the general laws, stock of non-residents of the village could not be taxed at all.
The judgment below must be reversed, and judgment entered on the finding in favor of the' plaintiff in error for one dollar and fifty cents damages, with costs of both courts.
The other justices concurred.