JOHN H. GRAHAM v. THE TOWNSHIP OF ST. JOSEPH.

*Taxation—Non-resident—Vessel—Corporations.*

1. Stock owned by a resident of this State in a *foreign* corporation, whose property is *not* taxable in this State, is taxable to such owner at his place of residence, under the tax law of 1885.

2. A tax is a portion of the property of the citizen required by the government for its support in the discharge of its various functions and duties, and may be imposed when either person or property is within its jurisdiction.

3. A personal tax cannot be assessed against a non-resident; nor can his property be taxed, unless it has an actual *situs* within the State, so as to be under the protection of its laws.

4. Vessels are taxable property, and may be taxed to the *resident* owner in this State the same as other property.

5. A corporation whose property is taxable in this State stands on the same footing as an individual, under our taxing laws.

6. A vessel owned by a foreign corporation does not become subject to the taxing power of this State by engaging in business therein. *Roberts v. Township of Charlevoix*, 60 Mich. 197.

Case made from Berrien. (Smith, J.) Argued October 26, 1887. Decided January 5, 1888.

Assumpsit for taxes claimed to have been illegally assessed.

Defendant brings error. Reversed, and judgment entered for defendant. The facts are stated in the opinion.

*N. A. Hamilton*, for appellant.

*Lawrence C. Fyfe* (*C. A. Kent*, of counsel), for plaintiff.

SHERWOOD, J. The plaintiff in this case is a resident of the township of St. Joseph, in the county of Berrien, and in 1886 was a stockholder in the Graham & Morton Transportation Company, a corporation organized under the laws of the state of Illinois.

His stock was assessed in the township where he resided that year, and he paid the taxes levied against him under such assessment, protesting against the same, and he brings this suit to recover the taxes he thus paid.

The testimony was by stipulation, and in *substance* is as follows:

1. All the stock of the corporation is owned by Andrew Crawford, who resides in Chicago, Illinois; John H. Graham, who resides in St. Joseph; and J. S. Morton, whose residence is at Benton Harbor, Michigan.

2. John H. Graham has resided in St. Joseph more than a year last past; and there was assessed against him upon his stock, for 1886, in said township, taxes to the amount of $171.55, and the same were paid by him, under protest and involuntarily, to the township treasurer for the township; and this suit was instituted in time under the statute to recover them.

3. The property of the corporation was assessed to it, and taxes paid thereon, in the township of Benton, in which Benton Harbor is situated, for 1886. The corporation owns no real estate, and in its business uses the docks and warehouses owned by Crawford and the plaintiff, and it has no docks, warehouses, or office elsewhere. At the time of the assessment of the plaintiff's stock, none of the company's property was elsewhere than at Benton Harbor, and its books and bank-account were also kept there.

4. A portion of the company's property consists of two steam-boats; Benton Harbor being their winter port. When the assessment of the plaintiff's stock was made by the super-

visor of St. Joseph, the plaintiff protested against being assessed for his stock, and informed the officer that all of the company's property was assessable in Benton, and was so assessed ; but the supervisor insisted upon making the assessment, which resulted in the plaintiff being obliged to pay the amount stated.

It is conceded by the stipulation that, if the plaintiff's stock was properly assessable in St. Joseph, then the tax was legal, but, if not, then it should be repaid to the plaintiff.

Upon the statement of facts, of which the foregoing is the substance, the circuit judge found that the stock of plaintiff was not properly assessable in the township of St. Joseph, and judgment was rendered accordingly.

The question in this case depends upon the proper construction of the provisions of the tax law of 1885, at page 175. Under this statute (section 2), real estate, for the purposes of taxation,—

"Shall include all lands within the State, and all buildings and fixtures thereon and appurtenances thereto, except in cases otherwise expressly provided by law. Personal property shall include all goods and chattels within the State; all ships, boats, and vessels belonging to inhabitants of this State, whether at home or abroad, and their appurtenances."

Section 4 of the act provides that—

"All corporate property, except where some other provision is made by law, shall be assessed to the corporation as to a natural person, in the name of the corporation. The place where its principal office in this State is situated shall be deemed its residence."

Section 2 also provides:

"All shares in foreign corporations (except national banks) owned by inhabitants of this State shall be taxed. * * * Shares in corporations, the property of which is taxable to itself, shall not be assessed to the shareholders."

Under the second subdivision of section 13, each person is required to set forth, in his statement of his property for taxation to the supervisor, "all shares in foreign corporations (except national banks), and their value."

There can be no question but that, under the foregoing provisions, the plaintiff's shares of stock are taxable in St. Joseph, where he lives, unless they are exempt under the last clause quoted from section 2.

If the property of the company was not *legally* taxed in Benton, the *fact* that it was taxed there could not affect the right to tax the plaintiff's stock in St. Joseph.

Was the company's property *properly* taxed in Benton? If so, the judgment should be affirmed; the supervisor having been informed of the Benton assessment when he listed and assessed the plaintiff's stock.

There is no question but that the property taxed was the two vessels, and that they belonged to the Graham & Morton Transportation Company at the time the assessment was made, and that the company was a foreign corporation, having its residence in Illinois.

A tax is a portion of the property of the citizen required by the government for its support in the discharge of its various functions and duties, and may be imposed when either person or property is within its jurisdiction.

" A personal tax cannot be assessed against a non-resident; neither can the property of a non-resident be taxed, unless it has an actual *situs* within the State, so as to be under the protection of its laws."

Vessels are taxable property, and may be taxed to the resident owner in this State the same as other property; and a corporation whose property is taxable in this State stands precisely on the same footing as an individual, under our taxing laws.

It is unquestionably the general rule that personal property can only be assessed to the owner at the place where he resides; and if it is sought to tax it in another jurisdiction because of its tangible character, and its location being there, the authority so to do must be plainly written in the statute.

It was held in *Hays v. Steamship Co.*, 17 How. 596, that a

vessel registered in New York, plying between Panama and San Francisco, was not taxable in California.

It was also held in *St. Louis v. Ferry Co*, 11 Wall. 423, that ferry-boats running to a city, but owned in another state, are not taxable in the city as property within it.

See, also, *State v. Haight*, 30 N. J. Law, 428; *People v. Commissioners of Taxes*, 11 Alb. Law J. 401; *Morgan v. Parham*, 16 Wall. 471; *Com. v. Hays*, 8 B. Mon. 1.

Under the Constitution, taxes are to " be levied on such property as shall be prescribed by law." The Legislature in the statute hereinbefore referred to, in describing the property in this State to be taxed, as we have seen, divide it into real and personal property, and then say, in more particularly defining personal property,—

"All goods, chattels, and effects belonging to inhabitants of this State, situate within this State."

Vessels are a peculiar class of property. They are distinguished from other personal property by the statute. This property, owned in other states, owes no duty to Michigan in passing over the waters of the lake, or floating upon its harbors during the close of navigation, which would license the State to seize upon a portion of the boat's property, and use it to discharge the burdens of the State. For certain purposes, it is true, the boats while lying in the harbor, or riding upon the waters of the lake, within the limits of the State, are within the jurisdiction of the State. The free use of those waters, however, is secured to the owner of the vessel by the Constitution and laws of the land; and I do not think it was the intention of the Legislature, under our tax law, to impose upon a vessel owned in another state the burden of contributing to the support of our State government because she lands her freight and passengers at our wharves, or rides at anchor in our harbors during the raging of the storm or the inclement season of winter.

I think these boats were not taxable in Benton, and that the plaintiff's stock was properly taxed in St. Joseph.

The judgment should therefore be reversed, and judgment entered in this Court for defendant, with costs of both courts.

CHAMPLIN and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.