VILLAGE OF HOWELL *v*. GORDON.

1. TAXATION—NONRESIDENTS—CREDITS.

Credits owned by a nonresident of the State are not taxable under our laws. 1 Comp. Laws, § 3831, subd. 6.

2. SAME—MORTGAGES—RESIDENT AGENT.

The fact that such credits are evidenced by notes and mortgages in the custody of a resident agent does not render them taxable under 1 Comp. Laws, § 3837, subd. 6, providing that personal property under the control of a trustee or agent may be assessed to him in the township where he resides.[1]

3. SAME—MONEYS.

Nor does such statute authorize the assessment of money belonging to a nonresident, in the temporary possession of a resident agent, but not subject to the latter's direction and control.

---

[1] As to *situs* for purpose of taxation of debts evidenced by notes and mortgages, see note to *Boyd* v. *City of Selma*, (Ala.) 16 L. R. A. 729.

Error to Livingston; Smith, J.   Submitted April 16, 1901.   Decided July 10, 1901.

*Assumpsit* by the village of Howell against Thomas Gordon, Jr., agent for Hosea Rogers, to recover a personalty tax.   From a judgment for plaintiff on verdict directed by the court, defendant brings error.   Reversed.

*William P. Van Winkle* (*Rollin H. Person*, of counsel), for appellant.

*Edmund C. Shields* and *Louis E. Howlett*, for appellee.

HOOKER, J.   This is an action to recover taxes.   Hosea Rogers is a resident of the State of New York.   He has loaned money in Michigan upon notes and mortgages for many years.   These loans have been negotiated and collections made through Thomas Gordon, Jr., a resident of the village of Howell.   The assessor of that village assessed against Thomas Gordon, Jr., agent for Hosea Rogers, the sum of $100,000 upon personal property.   There is no pretense that this assessment represented anything but the money which said Rogers had loaned in this State, or the securities therefor, and such money as Gordon might have had at the time in his custody, belonging to Rogers.   Gordon went before the board of review and protested against such assessment, and defendant showed or offered to show that he presented to said board an affidavit that he had no securities for money loaned, belonging to said Rogers, in his possession or under his control at the time when it was assessed, and that, while he had in his possession an amount of money belonging to him, it was in no wise under his control, except as he should obey instructions from Hosea Rogers, and that the amount was but a little over $3,000, which he had collected for him. It showed further that he had no control of his funds or his securities, and did not have more than temporary custody of either money or securities.   The court held

that, under the undisputed facts, this money was subject to taxation, and that the determination of the board of review as to the amount was final and not reviewable, no fraud being charged.     A verdict was therefore directed in favor of the plaintiff for the amount of the tax.     The facts are not in dispute.     There is no reason for doubting that all of the interests sought to be taxed were owned by Rogers, a nonresident of this State, and that they consisted of $3,000, approximately, in cash, and that the remainder were what the tax law (1 Comp. Laws, § 3831, subd. 6) denominates "credits," consisting of personal obligations secured by mortgages.

It is the policy of this State to tax credits owned by residents only, as shown by 1 Comp. Laws, § 3831, subd. 6. This section designates the kinds of property to be included in the term "personal property" for the purposes of taxation.     The statute limits the credits to be included to such as belong to the inhabitants of this State.     Section 3831 defines the kinds of personal property subject to taxation.     Section 3836 provides that all personal property, except as thereinafter provided, shall be assessed to the owner in the township of his residence.     This is a plain implication that residents only are, as a rule, to be assessed with personal property.     Section 3837 contains the exceptions, and implies that animals and tangible property and stock in banks and personal property of nonresidents may be assessed where situate, guardianship property where the guardian lives, and estates to administrators where situate.     Subdivision 6 provides that "personal property under the control of a trustee or agent  *  *  * may be assessed to such trustee or agent in the township where he resides."

The only credits that are assessable in Michigan are those owned by inhabitants of this State (1 Comp. Laws, § 3831, subd. 6), and they embrace "all credits of every kind." Mortgages, bonds, and notes are sometimes called "credits."     More strictly speaking, they represent credits; for the intrinsic value is not in the paper, but in the promise

or obligation which it records.    An oral promise or an im-
plied agreement to pay money is none the less a credit
than the most solemn writing.    *State* v. *Gaylord*, 73
Wis. 316 ( 41 N. W. 521 ); *Walker* v. *Jack*, 31 C. C. A.
462 ( 88 Fed. 576 ), and note; Cooley, Tax'n ( 2d Ed.),
21, 22. · It is only by treating the mortgage, rather than
the obligation, as the valuable thing, and as property,
rather than, and as contradistinguished from, a credit,
that the assessment of such, when owned by a nonresident
of the State, can be justified; for, as we have seen, a credit,
to be assessable, must belong to an inhabitant.    It will not
be claimed that nonresidents are taxable upon their various
claims against citizens of Michigan when not evidenced by
writing; and we understand it not to be contended that
nonresident owners of bonds and mortgages are subject to
be taxed in Michigan upon them where the mortgages are
not held in this State.    The effect of plaintiff's contention
is that, while nonresidents usually are not taxable here for
their credits, if the evidences thereof are in this State they
are subject to taxation.    The mere fact that an agent has
temporary custody in this State on the second Monday in
April would, under this claim, make them taxable.    Such
liability would not depend on the creditor being a resident
of Michigan.    All obligations, though the creditor be a
foreigner residing abroad, would be subject to taxation
here if the securities were here on the second Monday in
April, though, as we have already shown, the only credits
taxable are those belonging to residents.    The plaintiff's
claim is made to rest on 1 Comp. Laws, § 3837, subd. 6,
already mentioned.    That subdivision does not add any-
thing to the kind of credits to be taxed, as pointed out in
section 3831, subd. 6, thereby making it proper to tax
credits of nonresidents.    Moreover, we are not prepared
to hold that this subdivision was intended to cover credits.
In *Curtis* v. *Township of Richland*, 56 Mich. 481 ( 23
N. W. 175 ), Mr. Justice COOLEY indicates his opinion
to be that such was not a proper construction of this sec-
tion.    The statute plainly recognizes the usual rule that

credits are to be assessed at the domicile of the owner, and does not attempt to tax those belonging to nonresidents. Such credits have no *situs* in this State. See *City of Detroit* v. *Lewis*, 109 Mich. 155 (66 N. W. 958, 32 L. R. A. 439), which plainly implies that the legal title must be in an inhabitant of Michigan, to make a credit taxable here. We think these mortgages were not taxable.

We think it equally clear that the money was not assessable. It was not money in the hands and control of a trustee or agent. It was in the hands of Gordon, but not in his control in the sense contemplated by the statute. It was under the control and direction of the owner. If it is possible that money of a nonresident, sent to this State for investment, may under some circumstances be taxable, it is clear that this was not. The money and the mortgages were undoubtedly taxable at the residence of the owner, in New York, and there is no justification for the officers of this State attempting to levy tribute merely because they are able to find them temporarily in the custody of an agent at the time when property is assessable. Money collected by attorneys and others for nonresident clients does not become taxable merely because it is in their hands on the date fixed for assessment. Liability to taxation of nonresident property rests upon another and different principle, viz., *situs* in this State, or something which the statute makes equivalent thereto; and it is at least doubtful if any but tangible property, as contradistinguished from intangible, is subject to it.

We are of the opinion that the action of the assessing officer and board of review was without authority of law and void.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.