BAARS v. CITY OF GRAND RAPIDS.

TAXATION—CREDITS—NONRESIDENTS.

Credits belonging to a nonresident of the State, consisting of notes secured by mortgages on property therein, the legal title to which is in him, are not taxable under our laws, though in the exclusive custody and control of a resident agent; 1 Comp. Laws, § 3837, subd. 6, providing that personal property under the control of a trustee or agent may be assessed to him in the township where he resides, not extending to such a case.  *Village of Howell* v. *Gordon*, 127 Mich. 517, followed; *City of Detroit* v. *Lewis*, 109 Mich. 155, distinguished.

Error to superior court of Grand Rapids; Newnham, J.
Submitted January 29, 1902.    Decided March 4, 1902.

*Assumpsit* by J. Frederic Baars, attorney for Isabella
C. Wood, against the city of Grand Rapids, to recover
taxes paid under protest.    From a judgment for defend-
ant on verdict directed by the court, plaintiff brings error.
Reversed.

This is a suit by the plaintiff to recover the amount of
taxes assessed against him, and paid under protest by him,
as agent for a nonresident, on credits belonging to the
latter.    These taxes are claimed to have been illegally
assessed.    The conceded facts are as follows:    Some 20
years ago, Ransom E. Wood, the father of Isabella C.
Wood, at that time a resident of Grand Rapids, Mich.,
went to Europe to live, and took his family with him.
While in Europe he sold his homestead in Grand Rapids.
He never returned to Michigan, and his daughter Isabella
has since that time been in Michigan but once, and has
never been in Grand Rapids.    When Ransom E. Wood
left Michigan, he left about $50,000 with plaintiff for in-
vestment.    He died about a year after, and plaintiff was
administrator of his estate, and divided the same between
his heirs shortly after.    Since that time plaintiff has been
agent of the daughter Isabella C. Wood, and has had
charge of the property which came to her from her fath-
er's estate.    For several years after her father's death, the
latter lived in Dresden, Germany, and some time prior to
1899 she and her sister bought a house in London, Eng-
land, which has since been their home.    Plaintiff has been
agent for Isabella C. Wood continuously since the time of
her father's death, and has made the loans on notes secured
by mortgages taken in her name, under a power of attor-
ney from her.    He has made the loans in accordance with
his own judgment, and without the necessity of consult-
ing her.    Any money at the time not loaned, belonging to
her, was kept in the National City Bank of Grand Rapids,
in an account in her own name.

Early in March, 1900, Mr. Baars, fearing an assessment of these notes and mortgages, sent them to the Merchants' Loan & Trust Company in Chicago for safe-keeping, and they remained there subject to his order until some time in June of that year. He was later advised that the board of assessors had a list of the mortgages, and were about to assess them to him as agent. He called at the office of the board, saw the list they had prepared, and gave them information from the records in his office of such mortgages as had been paid, at the same time insisting that they had no right to assess these mortgages. He was afterwards assessed in the aggregate of the mortgages listed, as corrected. He appealed to the board of assessors, which appeal was refused. He thereupon appealed to the common council sitting as a board of review, and that appeal was likewise refused. On July 30th he paid the taxes assessed, filing at the same time a written protest. He afterwards presented a bill to the common council for the amount of the taxes, which was not allowed, and brought this suit within 30 days from the time the taxes were paid. The trial judge directed a verdict in favor of the defendant.

*Knappen, Kleinhans & Knappen*, for appellant.

*Moses Taggart* and *Frank W. Hine*, for appellee.

GRANT, J. (*after stating the facts*). If the choses in action in this case, owned by Miss Wood, standing in her name, consisting of credits secured by her mortgages, are taxable in this State, it must follow that the law taxes all credits, if the foreign owners thereof employ agents here to look after their investments.

It is unnecessary to cite authorities to sustain the following rules in regard to the taxation of property:

1. Real estate is taxable where situated, regardless of the residence of the owner.

2. Personal property, in the absence of a statute, is taxable at the domicile of the owner.

3. Tangible personal property may, by statute law, be assessed at the place of its actual fixed location.

Courts are divided upon the power of a State to tax choses in action owned by nonresidents.

This court held in *Graham* v. *Township of St. Joseph,* 67 Mich. 652 (35 N.'W. 808), that the authority to tax personal property of a tangible character at any other place than the residence of the owner must be plainly written in the statute. If that be the rule in regard to tangible personal property, with much greater force does the rule apply to intangible property. The power of taxing this property in the hands of nonresidents must therefore, if it exists, clearly be found in the statute. It is not contended that the statute expressly authorizes such taxation. By the statute (1 Comp. Laws, § 3836) "all personal property, except as hereinafter provided, shall be assessed to the owner in the township in which he is an inhabitant." The exceptions are found in section 3837, which provides that all goods and chattels shall be assessed in the township where situate, if certain conditions exist. And subdivision 6 of the same section provides that "all personal property under the control of a trustee or agent * * * may be assessed to such trustee or agent in the township where he resides." The only provision of the statute which, by any possibility, can be construed into authority to impose this tax, is the last provision above quoted. The authority to so tax is not "plainly written in the statute." We, however, disposed of this question in the case of *Village of Howell* v. *Gordon,* 127 Mich. 517 (86 N. W. 1042), which case in its facts is almost the parallel of this. Plaintiff here had the same control over the loans and moneys of his client, Miss Wood, as did defendant Gordon. Each had exercised the same control for many years. To hold with the defendant in this case would be to overrule that case. The taxability of this property cannot be made to depend upon the fact that nonresidents have agents here to attend to their business. Investments of nonresidents are usually made and controlled in this

way. It cannot well be done in any other way. The title to these credits was not in the agent, but in the principal. It is not logical to say that taxability depends upon the length of time that the money or the note has been in the hands of the agent for collection or for investment, or the number of times he has collected and reinvested, or the number of times he has collected interest. In *City of Detroit* v. *Lewis,* 109 Mich. 155 (66 N. W. 958, 32 L. R. A. 439), the legal title was in the trustee, and we there clearly recognized the distinction between cases where the legal title was in the nonresident and where it was in the agent or trustee. We think that case points out the true distinction, and that the title must be in the trustee or agent in order to subject the property to taxation. It does not mean that control which an agent has who is clothed merely with authority to loan his principal's money under his direction, and take the title in the name of his principal. See, also, *City of St. Paul* v. *Merritt,* 7 Minn. 258.

Judgment reversed, and new trial ordered.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.