## HILLS *v.* CITY OF MUSKEGON.

TAXATION—STATUTES—TRUST ESTATES—GUARDIAN AND WARD.
  The holder of the legal title to personal property, as distinguished from mere possession and control, under a trust instrument transferring the personalty to a trustee for the benefit of the wife and children of the testator, should be treated as the owner for the purpose of assessment of a personal tax, which may be recovered in an action by one of the beneficiaries, to whom the property was assessed, and who paid the tax under protest.

Error to Muskegon; Sessions, J. Submitted October 19, 1909. (Docket No. 121.) Decided November 5, 1909.

Assumpsit by Laura Hills against the city of Muskegon for taxes paid under protest. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*John A. McLaughlin*, for appellant.

*Nims, Erwin, Vanderwerp & Foote*, for appellee.

OSTRANDER, J. Plaintiff sued to recover a tax upon personal property assessed to her, paid under protest. She resides in the city of Muskegon. The property in question is an undivided interest in personal property bequeathed to plaintiff and her children by her deceased husband. It appears to be agreed by counsel that the legal title to the property, as distinguished from mere possession and control thereof, is in the Michigan Trust Company, of Grand Rapids, Mich., as trustee for the plaintiff and as guardian for her children. Under such circumstances, it is the general rule, and has been indirectly, at least, established as the rule in this State, that the holder of the legal title is, for purposes of taxation, the owner. 1 Perry on Trusts (4th Ed.), § 331; 1 Lewin on

Trusts, p. 236; *Curtis* v. *Township of Richland,* 56 Mich. 478 (23 N. W. 175); *City of Detroit* v. *Lewis,* 109 Mich. 155, 162 (66 N. W. 958, 32 L. R. A. 439); *Baars* v. *City of Grand Rapids,* 129 Mich. 572, 576 (89 N. W. 328).

The court below correctly held that the property was taxable to the trust company under the provisions of section 13 (1 Comp. Laws, § 3836) as owner, and that subdivision 6, § 14 (1 Comp. Laws, § 3837), had no application.

The judgment is affirmed.

GRANT, MONTGOMERY, MOORE, and McALVAY, JJ., concurred.