SICKLES *v.* SCHAEN.

1. USURY—INTEREST—UNITED STATES RULE.
    In proceedings for the foreclosure of certain mortgages, the court below properly adopted the United States rule in computing interest.

2. SAME—INTEREST—MORTGAGES—AGREEMENT TO PAY TAXES.
    A provision in a note secured by a mortgage, after reserving the highest lawful rate of interest, that the mortgagor should also pay "all taxes which shall be assessed upon the mortgage, whether as personal property or as an interest in real property," and that payment "of such taxes on the mortgage interest of said party of the second part

See note in 51 L. R. A. (N. S.) 465.

shall not, in any case, be considered and treated as a payment on either the interest or the principal," amounted, in form and legal effect, to a further reservation of interest.

3. SAME—ILLEGAL INTEREST—INTENT.

It is of the essence of a usurious transaction that there shall be an unlawful and corrupt intent on the part of the lender to take illegal interest.

4. SAME—MORTGAGES—NONRESIDENT—AGREEMENT TO PAY TAXES—INTENT.

Where the mortgagee is a nonresident, and the stipulation in the mortgage that the mortgagor shall pay all taxes against the mortgage is broad enough to impose upon the mortgagor the duty to pay taxes upon the mortgage assessed to the mortgagee at his domicile, in addition to the highest lawful rate of interest, it must be *held*, that the contract is conclusively usurious; there being no presumption that the mortgage is not taxable by the law of the owner's domicile. BIRD, FELLOWS, and KUHN, J.J., dissenting.

Appeal from Antrim; Mayne, J. Submitted April 24, 1918. (Docket No. 95.) Decided July 18, 1918.

Bill by George W. Sickles against Frederick Schaen and another for the foreclosure of certain mortgages. From a decree for plaintiff, defendants appeal. Reversed.

*Thomas D. Meggison,* for plaintiff.

*C. L. Dayton,* for defendants.

OSTRANDER, C. J. Defendants gave their note, dated November 27, 1908, payable sixteen months after date to the order of plaintiff, for $265, with interest at 7 per cent. per annum. To secure payment, they executed a mortgage upon land described as the southwest quarter of the northeast quarter of section 6, and south half of the southwest quarter of section 5, town 30 north, of range 7 west, Antrim county, Michigan. Plaintiff was a nonresident of the State, and it is recited in the mortgage that he is of Seattle, Washington. The

mortgage contains a covenant of the mortgagors to pay all taxes which shall be assessed upon the mortgage, whether as personal property or as an interest in real estate. The bill in this cause was filed August 17, 1914, to foreclose this mortgage, and it is charged therein that an examination of the records shows that Lewis E. Sayre, of Los Angeles, California, has or claims rights in the land "as a prior incumbrancer." Said Sayre is therefore named in the bill as a defendant. He entered an appearance by solicitor and before the hearing, stating in substance on said notice of appearance that Sayre had assigned his mortgage to plaintiff, and it was stipulated by the parties that an assignment of his said mortgage and the debt to plaintiff was duly made by his attorney in fact October 15, 1915, and recorded.

Answering the bill, defendants (jointly and severally) refer to the Sayre mortgage, say that the loans were made to them by an agent and representative of both mortgagees, the said agent being the only one known personally to them in the transaction, that they have paid the agent interest on each mortgage, are ready and anxious to pay both mortgages, and ask the court to consider both mortgages and ascertain and declare the sum due on each and both. It was agreed that testimony should be taken with respect to both mortgages and the sums due upon them. There was no amendment of the bill, but, before the hearing was concluded, formal proof was made of an assignment of the Sayre mortgage to plaintiff.

The Sayre mortgage was given by defendant Frederick Schaen February 10, 1903, to secure his note for $350, dated that day, due three years after date, payable to the order of Lewis E. Sayre, with interest at 7 per cent. The note was written upon or into a printed form, which contained the printed words "after maturity." Over these words, but without erasing them,

the words "per annum" were inserted with a typewriter, before the note was executed. The mortgage describes the south half of the southwest quarter of section 5, town 30 north, of range 7 west, and describes no land on section 6.

The cause proceeded to a decree, dated October 11, 1916, and filed December 4, 1916, in which decree it is found that there is due on the Sayre mortgage $433.32, which sum defendant Frederick Schaen is personally liable to pay, and due on the mortgage described in the bill $408.20, which both defendants are liable personally to pay. In default of payment, the premises described in the joint mortgage to plaintiff are ordered sold, the decree being in the usual form.

The objections made in this court to the decree are stated in the appellants' brief as follows:

"1. If the testimony introduced by the complainant be taken as true, still the amount found by the court as due upon the mortgages is in excess of the true amount.

"2. The defendants claim that both mortgages were usurious inasmuch as they provided for the maximum rate of interest allowed under our statutes and provided that the mortgagor in the one instance and the mortgagors in the other shall pay all taxes that might be assessed upon the mortgages. That by reason of usury the complainant is not entitled to interest.

"3. That the defendants were entitled to certain payments that were not credited to them, and that the court found an amount due in excess of the amount actually due.

"4. That no decree should have been taken on the Sayre mortgage for interest until after the maturity of the mortgage, for the reason that the note itself did not draw interest until after maturity, and there was no allegation in any of the pleadings asking for a correction of the note.

"5. The defendants claim that there were payments made upon the Sickles mortgage, that were credited on the Sayre mortgage, and that this worked an injustice to defendant Edward Schaen."

1. Following the United States rule, *McVicar* v. *Denison*, 81 Mich. 348, *Wallace* v. *Glaser*, 82 Mich. 190, *Lowe* v. *Schuyler*, 187 Mich 526, the method of computing interest adopted by the court was the correct one. No mathematical mistake is pointed out.

2. The contracts (notes and mortgages) reserve the highest lawful rate of interest. The provision and contract in the mortgages that the mortgagor will also pay " * * * particularly all taxes which shall be assessed upon this mortgage whether as personal property or as an interest in real property," with the further stipulation that payment "of such taxes on the mortgage interest of said party of the second part, shall not, in any case, be considered and treated as a payment on either the interest or the principal of this mortgage," amount in form, and in legal effect, to a further reservation of interest. In the opinion of this court in *Green* v. *Grant*, 134 Mich. 462, 463, in considering a contract not *per se* usurious but which might or might not be so, depending upon circumstances, the doctrine that it is the essence of an usurious transaction that there shall be an unlawful and corrupt intent on the part of the lender to take illegal interest, is approved. It was also said:

"If, at the time the contract was made, he knew that the aggregate of interest reserved and taxes to be paid would exceed the statutory rate,—as he would if the interest reserved was the maximum interest,—the contract is usurious."

See, also, *Stack* v. *Detour Lumber & Cedar Co.*, 151 Mich., 21; *Vandervelde* v. *Wilson*, 176 Mich. 185.

Plaintiff says, in substance, that it appears upon the face of each of the mortgages that the mortgagee does not reside in Michigan, that it was not the policy of this State, when the mortgages were given, and is not now, to tax credits owned by nonresidents. *Village of Howell* v. *Gordon*, 127 Mich. 517, and therefore the

provision in the mortgages requiring the payment of taxes assessed against the mortgage or the mortgagee as its owner is without effect in fact and should be held to be without effect in law because any intent to exact more than 7 per cent. interest is negatived. There is testimony tending to prove that only 7 per cent. has been demanded of the mortgagors and paid by them, that they have never been required or requested to pay any sum as taxes on the mortgages or the mortgage interest of the owners, and that the agent of the mortgagees, before his attention was called to it by the solicitor for plaintiff, did not know that the mortgages contained the clause referred to. If the question of usury or no usury may in this case be determined by the intent of the lender to exact it, and his intent by evidence outside of the written contracts, the evidence is persuasive that the intent to exact or to receive usury was wanting.

We have held the contract itself to be conclusive when the mortgage is owned by a resident of this State. Ought it to be held to be inconclusive when the mortgage is, and appears upon its face to be, owned by a nonresident, there being nothing to show whether by the law of the owner's domicile the mortgage, or the credit of which it is the evidence, is taxable? Upon this record, the question is no broader than this. It must be answered in the negative, because the stipulation in the mortgage is broad enough to impose upon the mortgagor the duty to pay taxes upon the mortgage assessed to the owner at his domicile, and there is no presumption that the mortgage is not taxable by the law of the owner's domicile. It must be held that the contracts are, both of them, usurious.

3. Defendants were given proper credit for all sums they have paid.

4. This point, in view of what has been said, becomes unimportant.

5. Appellants' argument in this behalf is not easy to follow. The conclusion to which it is supposed to lead is not stated. What correction, if any, the testimony requires should be made is not indicated.

6. There is no evidence of a proper tender to plaintiff of the money claimed by defendants to be his due. There is evidence that on February 28, 1914, they considered that they owed him at least $628, and in a letter to his agent they advise him that this sum is on deposit in a named bank to his credit—"at your order and subject to your control."

The amount due upon the mortgages must be recomputed, defendants being charged with no interest, and credited in reduction of the principal debt, in each case, with such payments, and such only, as the trial court found had been made. A decree will be entered in this court reversing the decree appealed from, stating the sum due to plaintiff in accordance with this opinion, in other respects corresponding with the usual form of decrees in foreclosure proceedings. No more than 60 days from the date of filing this opinion will be allowed for paying the sum found to be due, and a sale of the premises will be ordered in default of such payment. It is probable that counsel will agree upon the amount due.

MOORE, STEERE, BROOKE, and STONE, JJ., concurred with OSTRANDER, C. J.

FELLOWS, J. (*dissenting*). One of the mortgagees resides in Washington, the other in California. At the time both mortgages were given the mortgagees were not liable for the payment of any taxes on the mortgages in the State of Michigan. *Village of Howell* v. *Gordon*, 127 Mich. 517. Taxation is regulated by statute. There is no proof in the case that under the statutes of Washington or California either of these mortgages was subject to taxation. I think that one

who assails a contract as usurious because of a tax clause ontained in it, which may or may not render it so, dependent on legislative enactment of another State, must sustain the burden of proving that under such legislative enactment such contract is taxable. I think the decree should be affirmed, with costs.

BIRD and KUHN, JJ., concurred with FELLOWS, J.