RELIABLE STORES CORP. *v.* CITY OF DETROIT.

1. TAXATION—COMMON-LAW RULE—SITUS OF INTANGIBLE PROPERTY—DOMICILE.

   Common-law rule that intangible property must follow domicile of owner, unless separated from it by positive law, is applicable in Michigan in applying tax laws.

2. SAME—INTANGIBLE ASSETS OF FOREIGN CORPORATIONS NOT ASSESSABLE IN MICHIGAN.

   Intangible assets of foreign corporation are assessable only at its domicile, and therefore are not assessable in Michigan under general tax laws, although corporation is doing business in this State.

As to situs of intangible property for purpose of taxation, see annotation in L. R. A. 1915C, 914.

Appeal from Wayne; Hart (Ray), J., presiding. Submitted June 21, 1932. (Docket No. 95, Calendar No. 36,594.) Decided September 16, 1932.

Assumpsit by Reliable Stores Corporation, a Maryland corporation, against City of Detroit, a municipal corporation, to recover taxes paid under protest on intangible property. Judgment for defendant. Plaintiff appeals. Reversed, and judgment ordered entered for plaintiff.

*Levin, Levin & Dill* (*Theodore Levin* and *Butzel, Levin & Winston,* of counsel), for plaintiff.

*Walter Barlow* (*Clarence E. Wilcox,* of counsel), for defendant.

FEAD, J. Plaintiff, a Maryland corporation, owning and operating chain stores in several States but not in Maryland, sells merchandise on the instalment plan. The major part of the assets of its Detroit store consists of customers' accounts receivable, for goods sold at such store. In 1927 and 1929 the city of Detroit levied taxes against plaintiff on such accounts. The taxes were paid under protest, and this action is to recover them. Defendant had judgment.

Counsel recognize that plaintiff is a nonresident of this State (*Larson* v. *Dubuque Fire & Marine Ins. Co.,* 238 Mich. 366), and that the customers' accounts are intangible property. Plaintiff contends its intangibles are assessable only at its domicile, *i. e.,* in the State of its charter. Defendant contends they have a "business situs" in this State, apart from plaintiff's domicile, for taxation purposes.

Consistently since *Howell* v. *Village of Cassopolis,* 35 Mich. 471, this court has maintained, in the application of tax laws, the doctrine of the common-law

that "intangible property * * * must always follow the domicile (of the owner), unless separated from it by positive law."

In *Village of Howell* v. *Gordon,* 127 Mich. 517, and *Baars* v. *City of Grand Rapids,* 129 Mich. 572, where a nonresident loaned money in this State as a business, through a local agent who retained custody of the securities, it was held that, under the general tax laws, the credits were not taxable in this State as:

"The statute plainly recognizes the usual rule that credits are to be assessed at the domicile of the owner, and does not attempt to tax those belonging to nonresidents. Such credits have no *situs* in this State." *Howell* v. *Gordon, supra.*

The relevant tax laws then in force were identical with the present laws.

In three late cases involving computation of the privilege tax of corporations, this court recognized the existence of the doctrine of "business situs" of property apart from the domicile of the owner, declared it inoperative in this State in the absence of statute, and reiterated and applied the common-law rule. *In re Pantlind Hotel Co.,* 232 Mich. 330 (49 A. L. R. 1291); *In re Truscon Steel Co.,* 246 Mich. 174, and *In re Dodge Brothers,* 241 Mich. 665. In the latter case the court disposed of the contention of this defendant by the following language:

"In this jurisdiction the court has adhered to the common-law rule of situs of domicile. * * *

"Credits, by way of deposits in banks, upon accounts receivable, and payments to be received on land contracts, are all intangible assets and situs thereof is the domicile of the owner, unless fixed elsewhere by some positive law. Situs of domicile, with reference to intangibles, is not at all affected by the mere place of business, for the law, short of

statute to a different end, does not admit of a so-called business situs changing or interfering with the situs of domicile. *In re Pantlind Hotel Co., supra.* This is but saying that common-law situs governs unless modified or abrogated by statute.''

While these cases involved privilege taxes, not general taxes, they are in point because the court rested decision upon the situs of intangible property for tax purposes, under a statute which provided for computation of privilege taxes upon the proportion of the corporate property ''owned and used in Michigan,'' excluding property ''located without the State of Michigan'' and property ''exclusively used in interstate commerce.''

Confronted by this line of decisions, involving both general and privilege taxes, it would be no less than usurpation of legislative power for this court to adopt and apply the doctrine of business situs to intangible property for the purpose of taxation. Moreover, if it had the disposition to do so, it would be restrained by the fact that the legislature, taking notice of the repeated decisions that the doctrine could be accepted in this State only by legislative enactment, by Act No. 175, Pub. Acts 1929, amended the statute (2 Comp. Laws 1929, § 10143) governing privilege taxes of corporations and provided a business situs for intangible property ''irrespective of the domicile of the corporation,'' but made no such change in the general tax laws. The court must assume that the legislature intended that the common-law rule of domiciliary situs continues to govern general taxation of property.

Judgment reversed, and cause remanded for entry of judgment for plaintiff, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, and WIEST, JJ., concurred. BUTZEL, J., did not sit.