GENERAL DISCOUNT CORP. *v.* CITY OF DETROIT.

1. TAXATION—FOREIGN CORPORATIONS—INTANGIBLE ASSETS.
   Intangible assets of foreign corporation are not assessable in Michigan under general tax laws although the corporation is doing business in this State.

2. SAME—REFUNDS—LIMITATION OF ACTIONS—FRAUDULENT CONCEALMENT.
   Recovery on claims for refunds of taxes paid up to within six years from time action therefor was commenced would be

barred by the statute of limitations unless there was a fraudulent concealment from plaintiff or its assignor of the cause of action, giving plaintiff an additional two years after discovering the fraud in which to bring suit (3 Comp. Laws 1929, § 13976, as amended by Act No. 193, Pub. Acts 1937; § 13983).

3. SAME—ILLEGAL ASSESSMENT—MISTAKE OF LAW—FRAUD.

In action to recover illegally assessed taxes upon intangible assets of foreign corporation, no fraud is to be inferred merely from the fact that an illegal tax was levied, where the assessors, who were mistaken as to the law, ceased making the error when final decision of the Supreme Court was obtained.

4. SAME—DISPARITY OF ASSESSMENTS—PRESUMPTIONS—FRAUD.

A disparity of assessments may create a presumption of fraud.

5. SAME—FRAUD—DISPARITY OF ASSESSMENTS—COLLUSION.

In action to recover illegally assessed taxes upon intangible assets of a foreign corporation, statute of limitations was not tolled where the record was insufficient to show fraud upon part of assessors because of disparity of assessments either as to amount of discrimination or actual collusion between the taxing officials and the allegedly favored corporations (3 Comp. Laws 1929, § 13976, as amended by Act No. 193, Pub. Acts 1937; § 13983).

6. LIMITATION OF ACTIONS—MUNICIPAL CORPORATIONS—PRESENTATION OF CLAIM—TOLLING STATUTE.

The statute of limitations could not be tolled as to a claim for refund of taxes from a municipal corporation when, before the petition was presented, the six-year period had already expired (3 Comp. Laws 1929, § 13976, as amended by Act No. 193, Pub. Acts 1937).

7. ACTION—DEMAND AS A PREREQUISITE—STATUTE OF LIMITATIONS.

Where a demand is necessary in order to create a cause of action, it must be made within a reasonable time which, ·by analogy to the statute of limitations, is six years (3 Comp. Laws 1929, § 13976, as amended by Act No. 193, Pub. Acts 1937).

8. TAXATION—VOLUNTARY PAYMENT—PROTEST.

Taxes paid under the general property tax law without protest may not be recovered.

9. SAME—PAYMENT—COMMON LAW—PROTEST—DURESS.

At common law payment of taxes under protest was voluntary unless ·accompanied by duress.

10. SAME—PAYMENT UNDER PROTEST—STATUTES—DURESS.

The effect of the provision of the general property tax law pertaining to payment of taxes under protest is to render payment of an invalid tax under protest involuntary irrespective of any question of compulsion (1 Comp. Laws 1929, § 3444).

11. SAME—PAYMENT—DURESS—PROTEST.

When taxes are paid under actual duress either at common law or under the general property tax law, protest is unnecessary.

12. SAME—VOLUNTARY PAYMENT—DURESS—PROTEST—LIENS.

Where taxes on intangible assets of a foreign corporation doing business were not paid under duress nor under protest, the taxpayer may not recover same although illegally assessed under the general property tax law which provides that a lien attaches to all property assessed thereunder (1 Comp. Laws 1929, §§ 3429, 3444).

13. COSTS—PUBLIC QUESTION—ILLEGALLY ASSESSED TAXES.

No costs are allowed in action to recover taxes illegally assessed under the general property tax law upon intangible assets of a foreign corporation doing business in this State, a public question being presented.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 15, 1943. (Docket No. 5, Calendar No. 41,356.) Decided October 11, 1943. Rehearing denied November 29, 1943.

Action by General Discount Corporation, a Michigan corporation, against City of Detroit and its treasurer to recover taxes illegally assessed. Judgment for defendant. Plaintiff appeals. Affirmed.

*Isidore George Stone* (*Harold M. Shapero*, of counsel), for plaintiff.

*Paul E. Krause*, Corporation Counsel, and *Veno E. Sacre*, Assistant Corporation Counsel, for defendants.

BUTZEL, J. General Discount Corporation, plaintiff, a Michigan corporation, is the assignee of Fed-

eral Discount Corporation, a Delaware corporation, which on December 1, 1932, gave the General Discount Corporation a bill of sale of all of its assets. This would include any claims the Federal Discount Corporation had against the defendant city of Detroit. On February 18, 1936, the Federal Discount Corporation petitioned the common council of the city of Detroit for a refund of $122,792.11 and claimed that for the years from 1921 up to and including the year 1932, the Federal Discount Corporation had paid personal taxes illegally assessed against it for large amounts and that it had only $5,000 of tangible personal property assessable in the State of Michigan during each of these years. The record does not show why the petition was denied on May 1, 1936, though it does show that the Federal Discount Corporation had disposed of all of its assets in 1932. The General Discount Corporation then waited until January, 1938, before it filed a petition for refund claiming that the board of assessors of the city of Detroit had placed discriminatory, fraudulent and illegal assessments upon intangibles belonging to it, a foreign corporation, from the years 1921 to and including 1932, and that petitioner had paid taxes on account of such assessments in the sum of $122,792.11. In the petition the General Discount Corporation did not state, as in the first petition, of its assignor, that each year it had $5,000 of tangible personal property. The petition was denied January 31, 1938. Plaintiff thereupon began a law action against the city of Detroit and its treasurer to recover the foregoing amount. Plaintiff appeals from a judgment for defendants.

It appears that the board of assessors of the city of Detroit had for years made it a practice to assess the intangible personal property of foreign corpo-

rations having an office and doing business in the
city of Detroit and where the intangibles were al-
located as being in Michigan. In 1929, when the
Reliable Stores Corporation, a Maryland corpora-
tion, sought a reduction of its personal property
tax for the year 1927 because it had been assessed
on its intangibles, the corporation counsel's office
rendered an opinion .upholding the legality of as-
sessing intangible assets arising out of business
done in Michigan and belonging to a foreign cor-
poration having an office in the city of Detroit. In
a suit brought by the Reliable Stores Corporation,
this court, on September 16, 1932, held that such
intangible property belonging to a foreign corpora-
tion was not taxable in the State of Michigan. *Re-
liable Stores Corp.* v. *City of Detroit,* 260 Mich. 2.
No further assessments on intangibles were made
against foreign corporations nor against the plain-
tiff after 1932.

The present suit was not instituted until Febru-
ary 15, 1938, so that all claims for refund of taxes
paid up to 1932 would be outlawed * unless there
had been a fraudulent concealment from plaintiff or
its assignor of the cause of action, giving plaintiff
an additional two years after discovering the fraud
in which to bring suit.† We find no fraud in the
fact that an illegal tax was levied. The assessors
at most were mistaken as to the law, and it was not
until a final decision was obtained from this court
that they ceased making this error. Plaintiff claims,
however, that the fraud consisted of discrimination
and concealment of the fact that certain other for-
eign corporations were not assessed on intangibles

---

* See 3 Comp. Laws 1929, § 13976, as amended by Act No. 193,
Pub. Acts 1937 (Comp. Laws Supp. 1940, § 13976, Stat. Ann. 1940
Cum. Supp. § 27.605).—REPORTER.
† See 3 Comp. Laws 1929, § 13983 (Stat. Ann. § 27.612).—RE-
PORTER.

arising from business done in Michigan. While a disparity of assessments may create a presumption of fraud, the record shows neither such inequality as to amount to discrimination nor actual collusion between the taxing officials and the allegedly favored corporations. In most instances the annual reports of such corporations are set forth in the record rather than the returns made to the board of assessors. A few of the reports, which are somewhat incomplete, disclose what should have been taxable intangibles under the construction of the law at that time, but in other reports of the same corporations the accounts and notes payable arising from business done in Michigan more than offset the receivables. Plaintiff makes the blanket charge of discrimination against the assessments for each year from 1921 to 1932 but inasmuch as the record does not disclose many such instances, we cannot find such fraud as to toll the statute of limitations as claimed by plaintiff. Except in a few instances no effort was made during the trial to support the charge of fraud with a detailed analysis of the financial structure of the corporations affected and their tax returns. It was shown that the assessment against a large corporation was reduced in 1932 from $500,000 to $7,500 following our decision in the *Reliable Stores Case* without a similar reduction of plaintiff's assessment. But the annual report of that corporation for 1932, submitted in the record, showed no intangibles subject to assessment. Although the city of Detroit did not tax the ''Michigan'' intangibles of every foreign corporation during some of the years in which plaintiff's assignor was taxed, nevertheless a member of the board of assessors listed in his testimony 13 large foreign corporations against whom such intangibles had been assessed. Plaintiff, in relying upon a few in-

stances of disparity without rebutting the defense of the city of Detroit, has failed to sustain the burden of proof, or excuse its delay in filing petition to refund. Notwithstanding our decision in *Reliable Stores Corp.* v. *City of Detroit, supra,* on September 16, 1932, plaintiff paid the second half of the city taxes in December, 1932.

Plaintiff claims that since a denial of its petition for refund by the common council was a condition precedent to its bringing suit, the statute of limitations was tolled until January 31, 1938, or at least until May 21, 1936. The statute could not be tolled, however, when, before the petition was presented, the six-year period had already expired. Where a demand is necessary to create a cause of action, it must be made within a reasonable time which, by analogy to the statute of limitations, is six years. *Freeman* v. *Ingerson,* 143 Mich. 7. In 1934 and 1935, two corporations were granted refunds by the common council, but these corporations did not, like plaintiff, wait until 1938, long after the tax money had been spent, before asking for a refund. The several refunds were comparatively small, although the principle involved was the same in each case. The record does not show that any other petitions for refund were filed or granted. It will be noted further that the petition filed by plaintiff for refund of taxes did not aver a willingness to pay a tax on the tangible personal property that its assignor in its 1936 petition admitted it held during the years for which the refunds were asked.

The statutory period, however, had not run against the 1932 taxes paid by plaintiff when the 1938 petition was filed. However, taxes for 1932 and for all the preceding years had been promptly paid by plaintiff without protest. 1 Comp. Laws 1929, § 3444, provides that a person may pay any tax, whether levied on personal or real property,

under protest to the treasurer, specifying at the time in writing signed by him the grounds of such protest, and the treasurer shall minute the fact of such protest on the tax roll and receipt given, that thereupon the person paying under such protest may within 30 days and not afterwards, sue for the amount paid and recover, if the tax is shown to be illegal, for the reasons shown in the protest. We have held that taxes paid without protest may not be recovered. *National Bank of Detroit* v. *City of Detroit,* 272 Mich. 610; *Sumner* v. *City of Detroit,* 275 Mich. 689, in which the question of duress was not raised. The charter of the city of Detroit, title 6, chap. 4, §§ 26 and 27, provides, however, that all city taxes upon personal property shall become on the 15th day of July a lien thereon and remain so until paid. Appellant, therefore, contends that inasmuch as a "lien" was created under the law against its personal property, it was obliged to pay the taxes under duress and protest was not required. It relies upon *Blanchard* v. *City of Detroit,* 253 Mich. 491; *Newberry* v. *City of Detroit,* 184 Mich. 188, and *Thompson* v. *City of Detroit,* 114 Mich. 502, in which special assessments against specific parcels of real estate were involved.

At common law payment under protest was voluntary unless accompanied by duress. The effect of 1 Comp. Laws 1929, § 3444, was merely to make payment of an invalid tax under protest involuntary irrespective of any question of compulsion. When taxes are paid under actual duress the rule both before and since the statute is that protest is unnecessary. *Pere Marquette R. Co.* v. *City of Ludington,* 133 Mich. 397, where there was an actual levy by the city treasurer under a warrant. The question presented is thus whether the mere existence of a lien against intangibles constitutes duress sufficient to render payment involuntary. The trial judge

held that intangibles were of such a shifting nature that even if it were possible to attach a lien thereon when the assessment was made, the accounts might be paid up before a levy could be made later in the year. Since a lien attaches to all assessed property, 1 Comp. Laws 1929, § 3429,* under plaintiff's theory all taxes are paid under duress and, if illegal, may be recovered without ever making protest, notwithstanding the statute, 1 Comp. Laws 1929, § 3444. The definition of duress in the *Blanchard Case, supra,* is not applicable to payments of general taxes. Prior to the amendment, 1 Comp. Laws 1929, § 3444, as amended by Act No. 234, Pub. Acts 1941 (Comp. Laws Supp. 1942, § 3444, Stat. Ann. 1942 Cum. Supp. § 7.97), the statute, *supra,* authorizing the payment of taxes under protest, did not apply to assessments for local improvements; tax payments could be recovered in such cases only where made under duress. *Thompson* v. *City of Detroit, supra.* This gap in the tax law may account for the broad definition of duress laid down in the special assessment cases. In all other cases, however, protest is unnecessary only where there is some actual or threatened exercise of the power possessed from which the party indebted has no other means of immediate relief than by making payment. Plaintiff makes no claim that its intangibles were actually seized or threatened with seizure. There being neither payment under duress nor payment under protest, plaintiff may not recover.

Judgment for defendants affirmed, but without costs as a public question was presented.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.

---

* See Comp. Laws Supp. 1942, § 3429, Stat. Ann. 1942 Cum. Supp. § 7.81.—REPORTER.