WILLIAM R. TOWNSEND AND CLARENCE HOWE v. SAMUEL TUDOR.

*Entry of judgment on transcript—Error—Certiorari.*

Entry of judgment on a transcript from a justice is not reviewable on writ of error: nor is the denial of a motion to vacate such judgment. If such proceedings are reviewable at all, it is by certiorari.

Error to Berrien. Submitted June 10. Decided July 1.

ASSUMPSIT. Defendants bring error.

*Josephus K. Turner* for plaintiffs in error.

*Thornton Hall* for defendant in error. The Supreme Court will not review the denial by the circuit court of a motion to vacate a judgment entered on a transcript from a justice, *Reed v. Gage,* 33 Mich., 179; *Mayhew v. Snell,* 33 Mich., 182; where the circuit court can set aside verdicts, grant new trials and vacate judgments, it is a discretionary power and not reviewable, *Van Renselaer v. Whiting,* 12 Mich., 449; *Detroit v. Jackson,* 1 Doug. (Mich.), 106.

GRAVES, J. Tudor got judgment against plaintiffs in error before a justice on a promissory note, and as both sides claim, obtained a transcript and caused judgment

to be entered on it in the circuit court. Subsequently the plaintiffs in error made a motion in that court to vacate the judgment on the ground that there were jurisdictional errors in the proceedings before the justice, and the court denied the motion. They thereupon brought this writ of error to review that decision. The judgment entered on the transcript is not returned, and since the entry of judgment in that way, as ordered by the statute, involves no judicial action by the circuit court reviewable on writ of error, it could not have been examined in this proceeding if it had been returned, and it is well settled that the decision of a mere motion like that in question cannot be so re-examined. When such proceedings are reviewable at all, the remedy is certiorari and not writ of error. Although the objections made cannot be passed on, we find no difficulty in saying that looking at the whole record they do not seem to have any force.

The writ of error should be dismissed with costs.

The other Justices concurred.