## DeGUZMAN v. WAYNE CIRCUIT JUDGE.

1. CERTIORARI—DENIAL OF MOTION TO VACATE JUDGMENT DOCKETED IN CIRCUIT COURT.

   Denial of a motion to vacate a judgment docketed in the circuit court on a transcript from justice's court is reviewable by certiorari.

2. APPEAL AND ERROR—REVIEW OF FINAL ORDER IN PROCEEDINGS IN NATURE OF JUDGMENT CREDITOR'S BILL.

   Review of any final order in proceedings in the nature of a judgment creditor's bill is by appeal under 3 Comp. Laws 1915, § 13389.

3. CERTIORARI—SUPREME COURT WILL CONSIDER QUESTIONS AS ON CERTIORARI WHERE RECORD COMPLETE ALTHOUGH MANDAMUS ASKED FOR.

   In mandamus proceedings in which the Supreme Court is asked to direct the circuit judge to set aside two justice's court judgments, vacate an order permitting an amended return to an execution, and to vacate an order appointing a receiver in a proceeding at law in the nature of a judgment creditor's bill, and to quash such proceeding, where the court has before it all the records which certiorari would bring and they disclose such a succession of errors that jurisdiction should be retained, the court will consider the questions as though presented by certiorari, which is the proper proceeding.

4. INFANTS—JUDGMENTS VOIDABLE WHERE NO GUARDIAN APPOINTED.

   Under 3 Comp. Laws 1915, § 14201, judgments rendered against an infant are voidable where no guardian is appointed.

5. SAME — NEED NOT QUESTION VOIDABLE JUDGMENT DURING INFANCY.

   An infant is not required, during infancy, to take steps to be relieved from voidable judgments rendered against her.

6. JUDGMENT — JUSTICE'S COURT JUDGMENTS WHEN DOCKETED IN CIRCUIT BECOME CIRCUIT COURT JUDGMENTS.

   When justice's court judgments were docketed in the

circuit court, they became, for the purposes of enforcement and of remedies by way of direct attack to have them canceled, circuit court judgments.

7. Infants—Motion to Set Aside Voidable Judgment—Laches.

A motion by an infant, made soon after she reached her majority, to set aside judgments _voidable because no guardian had been appointed for her, where no laches barring such right appear in the record, was timely, and should have been granted.

8. Creditor's Suit—May be Instituted Only After Execution Returned Nulla Bona.

Since proceedings in the nature of a judgment creditor's bill may not be instituted unless an execution against the judgment debtor has been returned unsatisfied in whole or in part, where the sheriff's return did not include defendant, and no amendment thereto was afterwards made as to her, all proceedings in the nature of a judgment creditor's bill against her were void.

9. Execution—Return—Amended Return.

A sheriff, who, after making a return on an execution, went out of office, could not thereafter, as an officer, make an amended return under leave of the court, although he might, possibly, make showing by affidavit.

10. Creditor's Suit—May Not be Based on Return to Void Execution.

Since delay in placing executions on judgments in the sheriff's hands until the return day rendered them a nullity (3 Comp. Laws 1915, § 12816), the returns thereto *nulla bona* afforded no basis for instituting proceedings in the nature of a judgment creditor's bill.

Certiorari by Adelaide .DeGuzman against Frank Shepherd, acting circuit judge of Wayne county, to review an order denying motions to set aside justice's court judgments, to vacate an order permitting an amended return to an execution, and to vacate an order appointing a receiver. Submitted October 16, 1923. (Calendar No. 30,876.) Reversed, and proceedings quashed December 19, 1923.

*J. H. M. Alexander,* for plaintiff.

*Bernard A. Clark,* for defendant.

Wiest, C. J.   In this proceeding we are asked to direct the circuit judge to set aside two justice's court judgments, vacate an order permitting an amended return to an execution and to vacate an order appointing a receiver in a proceeding at law in the nature of a judgment creditor's bill and to quash such proceeding.

Two judgments, in actions of assumpsit, were taken in justice's court, January 21, 1922, by J. L. Hudson Company against Louis A. DeGuzman and *Mrs. DeGuzman* without having a guardian appointed for *Mrs. DeGuzman,* who was then an infant.   In justice's court the infant defendant was personally served with process and appeared specially in both cases, but for what purpose does not appear in the transcripts of the judgments, and the cases were adjourned twice by consent, and once on cause shown, and motions to dismiss in both cases were denied, but what the motions were does not appear in the transcripts.   The cases were again adjourned, twice on cause shown and once by stipulation, to the day judgments were rendered.

We notice in the transcripts that the suits were against Louis A. DeGuzman and *Mrs. DeGuzman.* The summons in each case was served on *Mrs. DeGuzman; "defendant"* appeared specially and judgments were rendered "in favor of plaintiff and against *defendant."*   No point, however, seems to be made as to these matters.

The judgment creditor caused transcripts of the judgments to be filed and docketed in the circuit.   The executions issued in the circuit on such transcripts ran against Louis A. DeGuzman and *Mrs. DeGuzman,* and the sheriff made return that "Louis A. DeGuzman had no goods, etc.," and made no return as to Mrs.

DeGuzman.   Without any return on the executions as to Mrs. DeGuzman, one circuit court commissioner made an order requiring the judgment debtors to appear and make discovery of their property on February 23, 1923, under the provisions of the statute providing for proceedings at law in the nature of a judgment creditor's bill (3 Comp. Laws 1915, § 13378 *et seq.*).   On that day they were examined on oath before *another* circuit court commissioner, and plaintiff herein disclosed that she owned a diamond ring, given her before marriage, and then held by her attorney, evidently to secure his pay for services. March 27, 1923, the judgment creditor filed a motion in the circuit court asking for an order appointing a receiver of the property and assets of Adelaide DeGuzman, founding it on the records and files and the examination before the commissioner, as shown in the affidavit of the attorney making the motion. The same date Adelaide DeGuzman, plaintiff herein, filed a motion asking the circuit court to set aside the two judgments and to quash all proceedings had thereon for the reasons that she was an infant when the judgments were rendered, no guardian was appointed for her and she was not liable for the accounts in suit, and all proceedings for discovery were void as no execution had been returned *nulla bona* as to her. The circuit judge denied the motion to set aside the judgments and quash the proceedings, appointed a receiver and granted leave "to amend the sheriff's return as to Adelaide DeGuzman."

Defendant herein asserts that plaintiff's only way to review the denial of the motion to set aside the judgments is by writ of error, and review of the proceedings had in the circuit for discovery is by appeal.   Review of denial of a motion to vacate a judgment docketed in the circuit court on a transcript from justice's court has been held to be by certiorari.

*Townsend* v. *Tudor,* 41 Mich. 263. Review of any *final* order in proceedings in the nature of a judgment creditor's bill is by appeal, as provided in the statute relating to such a proceeding (3 Comp. Laws 1915, § 13389).

We have before us the records of the proceedings from the start of the cases in justice's court to, and including, the appointment of the receiver in the circuit, and they disclose such a succession of errors all along the line that we feel we ought to retain jurisdiction and put an end to the litigation, even though we treat the proceeding here as certiorari instead of mandamus. This involves no more under the record before us than a mere characterization of the proceeding here by a name, as we have before us exactly what certiorari would bring here. We therefore will consider the questions as though presented by certiorari.

We first take up the refusal of the circuit judge to set aside the judgments. It was made to appear beyond question that plaintiff herein was an infant at the time the judgments were rendered in justice's court. Because of her infancy and the failure to appoint a guardian for her, as provided by 3 Comp. Laws 1915, § 14201, the judgments rendered were voidable. *Schimpf* v. *Wayne Circuit Judge,* 129 Mich. 103. Plaintiff herein became 21 years of age December 13, 1922. During her infancy she was not required to take steps to be relieved from the judgments against her. She could have removed the cases to the circuit by writ of certiorari within the time fixed by law but, as an infant, was not required to adopt that as her remedy. When the judgments were docketed in the circuit they became, for the purposes of enforcement and of remedies by way of direct attack to have them canceled, circuit court judgments. So far as the record discloses, plaintiff herein had a right to attack the validity of the judgments,

by motion to have them set aside, when the judgment creditor sought to enforce them against her. Her motion was timely, having been made soon after she reached her majority, she had not waived her right to make direct attack upon the judgments, and no laches barring such right appear in the record. The motion to set aside the judgments should have been granted.

All the proceedings in the circuit in the nature of a judgment creditor's bill were void. Such a proceeding cannot be instituted without an execution against the judgment debtor returned unsatisfied in whole or in part. The executions were issued July 14, 1922, returnable August 7th, received by the sheriff August 7th, and returns made thereon as to Louis A. DeGuzman August 8, 1922. The record does not show any amended return by the sheriff as to Adelaide DeGuzman, under the leave granted by the court on March 31, 1923. The sheriff who made the return as to Louis DeGuzman went out of office December 31, 1922, and he could not thereafter, as an officer, make any return. He might, possibly, make showing by affidavit. *Arnold* v. *Nye,* 23 Mich. 286, 296. The leave to amend, however, counts for nothing unless followed by actual amendment made and filed. *Harris* v. *Thomas,* 140 Mich. 462; *Carroll* v. *Palmer Manfg. Co.,* 181 Mich. 280. There being no return on file as to the plaintiff herein, we cannot know whether the *amended* return, if ever made, will furnish the essential fact to give jurisdiction to proceed against Mrs. DeGuzman as upon a judgment creditor's bill. We only mention this in passing as there is another and fatal defect in the proceedings.

As stated before, the executions were issued July 14, 1922, made returnable August 7th, and not placed in the hands of the sheriff until the return day thereof. The delay in placing the executions in the hands of the sheriff operated to nullify them.

This court held in *National Bank* v. *Dwight*, 83 Mich. 189:

"The law says that the execution must issue at least 20 days before the return-day.    It cannot be considered as being issued until it is placed where it might have been executed, and some efficient act done under it.    It must be issued to the sheriff or other proper officer.    How. Stat. § 7664 [3 Comp. Laws 1915, § 12816].    The officer is the only one who can do such efficient act.    The attorney who takes out the writ can do nothing under it.    Consequently this writ was not issued 20 days before the return-day."

In that case a judgment creditor's bill was planted on the sheriff's return of *nulla bona*, indorsed on an execution properly made out in point of time but not placed in the hands of the officer for execution until 19 days before the return day, and the suit failed for want of a valid execution.

In the case at bar the executions were not placed in the hands of the sheriff until the return day thereof.    Such withholding of the executions operated to destroy their validity, and their return, *nulla bona*, afforded no basis for instituting proceedings in the nature of a judgment creditor's bill, and this was especially true as to Mrs. DeGuzman, for no return at all was made as to her.

The last order in the circuit was one appointing a receiver.    All of the proceedings upon the judgments in the circuit were void, and, regardless of the motion to set the judgments aside, should have been quashed.

The judgments are set aside as to Adelaide DeGuzman and all the proceedings in the circuit court in the nature of a judgment creditor's bill quashed, with costs to plaintiff herein and against J. L. Hudson Company, plaintiff in the courts below.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.