## LENZ *v.* CITY OF DETROIT.

### DECISION OF THE COURT.

1. MUNICIPAL CORPORATIONS—DISCHARGE OF EMPLOYEE—STATUTE OF LIMITATIONS.

War veteran's right of action in assumpsit against defendant city for damages for alleged illegal discharge from employment was barred by statute of limitations, where well over 6 years had elapsed from date of discharge before claim was presented to city council (CL 1948, § 35.402; CLS 1956, § 609.13; Detroit Charter, title 6, chap 7, § 11).

2. LIMITATION OF ACTIONS—TOLLING STATUTE—DISCHARGED PUBLIC EMPLOYEE—ACTION TO COMPEL REEMPLOYMENT.

Action by plaintiff war veteran, a discharged city employee, by way of mandamus to compel his reinstatement and certiorari to review his discharge did not toll the running of the statute of limitations (CL 1948, § 35.402; CLS 1956, § 609.13; Detroit Charter, title 6, chap 7, § 11).

3. COSTS—DISCHARGED VETERAN CITY EMPLOYEE.

No costs are allowed upon affirmance of judgment denying relief to discharged veteran city employee against defendant city but disallowing costs below.

### DISSENTING OPINION.

### SOURIS, J.

4. MUNICIPAL CORPORATIONS—DISCHARGE OF WAR VETERAN—ASSUMPSIT—LIMITATION OF ACTIONS.

*War veteran's second assumpsit action against defendant city, filed after refusal of city to pay claim presented against it*

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 8] 34 Am Jur, Limitation of Actions § 397.
38 Am Jur, Municipal Corporations § 671 *et seq.*
[2, 9] 34 Am Jur, Limitation of Actions § 247 *et seq.*
[3, 10] 20 Am Jur 2d, Costs § 34.
[5] 2 Am Jur 2d, Administrative Law § 706 *et seq.*
[6, 11] 2 Am Jur 2d, Administrative Law § 706.
[7, 12] 2 Am Jur 2d, Administrative Law § 595 *et seq.*

*within 3 months after Supreme Court had determined first as-sumpsit action was barred by reason of noncompliance with charter provision requiring unliquidated claim to be presented to common council as a condition precedent thereto,* held, *not barred by statute of limitations, there having been no final ruling upon the legality of the alleged discharge which plaintiff alleged gave rise to the cause of action upon which recovery was based (CLS 1956, § 609.13; Detroit Charter, title 6, ch 7, § 11).*

5. COURTS—SUPREME COURT—MANDAMUS—CERTIORARI.

*Supreme Court erred in failing to proceed with determination where the record before it was full, complete, and certain in support of either mandamus or certiorari.*

6. APPEAL AND ERROR—MINOR ERRORS.

*Misnaming of pleadings and other errors or defects in proceedings which do not affect the substantial rights of the parties will be disregarded by the courts in reviewing lower court proceed-ings (CL 1948, § 616.1; Court Rule No 1, § 3 [1945]).*

7. MUNICIPAL CORPORATIONS—VETERANS' PREFERENCE ACT—ADMINIS-TRATIVE DUE PROCESS.

*Trial court's order directing defendant mayor to reinstate plain-tiff war veteran in city employment from which he had been discharged without having been afforded administrative due process should be ordered vacated on sua sponte motion of Su-preme Court\* and cause remanded for full hearing by the mayor as required by the veterans' preference act (CL 1948, § 35.402; Detroit Charter, title 6, chap 7, § 11).*

SEPARATE OPINION.

BLACK and ADAMS, JJ.

8. MUNICIPAL CORPORATIONS—DISCHARGE OF EMPLOYEE—STATUTE OF LIMITATIONS.

*War veteran's right of action in assumpsit against defendant city for damages for alleged illegal discharge from employment was barred by statute of limitations, where well over 6 years had elapsed from date of discharge before claim was presented to city council (CL 1948, § 35.402; CLS 1956, § 609.13; Detroit Charter, title 6, chap 7, § 11).*

9. LIMITATION OF ACTIONS—TOLLING STATUTE—DISCHARGED PUBLIC EMPLOYEE—ACTION TO COMPEL REEMPLOYMENT.

*Action by plaintiff war veteran, a discharged city employee, by way of mandamus to compel his reinstatement and certiorari to*

---

\* See footnote 4 on page 164.—REPORTER.

*review his discharge did not toll the running of the statute of limitations (CL 1948, § 35.402; CLS 1956, § 609.13; Detroit charter, title 6, chap 7, § 11).*

10. Costs—Discharged Veteran City Employee.

*No costs are allowed upon affirmance of judgment denying relief to discharged veteran city employee against defendant city but disallowing costs below.*

11. Appeal and Error—Minor Errors.

*Misnaming of pleadings and other errors or defects in proceedings which do not affect the substantial rights of the parties will be disregarded by the courts in reviewing lower court proceedings (CL 1948, § 616.1; Court Rule No 1, § 3 [1945]).*

12. Municipal Corporations—Veterans' Preference Act—Administrative Due Process.

*Trial court's order directing defendant mayor to reinstate plaintiff war veteran in city employment from which he had been discharged without having been afforded administrative due process should be ordered vacated on sua sponte motion of Supreme Court\* and cause remanded for full hearing by the mayor as required by the veterans' preference act (CL 1948, § 35.402; Detroit Charter, title 6, chap 7, § 11).*

Appeal from Wayne; Huff (Eugene Snow), J., presiding. Submitted April 8, 1965. (Calendar No. 15, Docket No. 50,439.) Decided July 13, 1965. Rehearing denied October 4, 1965.

Declaration by John N. Lenz against the City of Detroit, a municipal corporation, for alleged damages for the illegal discharge from public employment. Judgment for defendant. Plaintiff appeals. Affirmed.

*Craig Thompson,* for plaintiff.

*Robert Reese,* Corporation Counsel, *John R. McKinlay,* Assistant Corporation Counsel, for defendant.

---

\* See footnote 4 on page 164.—Reporter.

O'HARA, J. This appeal brings up the continuing effort of John N. Lenz to obtain judicial relief from what he has alleged was an actionable denial, by the then mayor of Detroit, of administrative due process. See *Lenz v. Mayor of Detroit,* 338 Mich 383, decided December 29, 1953; *Lenz v. Mayor of Detroit,* 343 Mich 599 (certiorari denied 351 US 983 [76 S Ct 1050, 100 L ed 1497]) decided December 1, 1955, and *Lenz v. City of Detroit,* 361 Mich 166, decided September 16, 1960. The appeal before us presents for review a judgment that Lenz take nothing by his November 29, 1961 declaration in assumpsit. The gist of that declaration is a demand for damages caused by Detroit's alleged breach of Lenz' contract of employment with the city.

The point made in this latest action is familiar. Lenz says he has a right of action against Detroit because his discharge by the city from employment was illegal in that it was accomplished in violation of section 2 of the veterans' preference act (CL 1948, § 35.402 [Stat Ann 1961 Rev § 4.1222]). Now, as against his former failure to present claim for damages under title 6, chap 7, § 11 of the charter of Detroit and our adjudication that such presentment was a condition precedent of suit for damages by Lenz (361 Mich 166), Lenz says that he presented (January 17, 1961) his claim pursuant to said section 11; that it has been denied by the common council of Detroit, and that he is free to present that claim in the courts for meritorious determination.

We hold that the section 11 filing by Mr. Lenz of his claim was too late and that the right of action pleaded here was barred by expiration of the regular six-year statute of limitations (CLS 1956, § 609.13 [Stat Ann 1959 Cum Supp § 27.605]).* Mr. Lenz' right to file under section 11 accrued, along

---

\* For current provisions see PA 1961, No 236, § 5813 (CLS 1961, § 600.5813 [Stat Ann 1962 Rev § 27A.5813]).

with his right to seek reinstatement by constitutional writ, when the then mayor of Detroit discharged him February 6, 1950 (for the mayor's letter of discharge, see 338 Mich 390, 391). Most certainly his right to file under section 11 accrued December 29, 1953, when this Court quashed the circuit court's writ of mandamus and dismissed Lenz' then effort to have the mayor's order of discharge set aside. Yet he presented no claim, under section 11, until January 17, 1961. By that time the right of action pleaded here had become extinct.

There is a suggestion in the briefs that the proceedings instituted by Mr. Lenz, first by mandamus to compel reinstatement and then by certiorari to review his discharge, somehow tolled the running of the statute. No authority for the proposition is cited and we find none. The question is governed by the rule of *General Discount Corp.* v. *City of Detroit,* 306 Mich 458, 464. That case turned upon another tardy presentment under section 11. The ruling was that the "statute could not be tolled" when, prior to presentment under section 11, "the six-year period had already expired." We must adhere to such ruling.

The judgment of the circuit court, entered March 27, 1963, is affirmed. No costs.

T. M. Kavanagh, C. J., and Dethmers, Kelly, and Smith, JJ., concurred with O'Hara, J.

Souris, J. (*dissenting*). I do not agree that the statute of limitations (CLS 1956, § 609.13 [Stat Ann 1959 Cum Supp § 27.605]) barred institution of this assumpsit action.

That statute, as applied today by the Court, would have barred plaintiff's first assumpsit action, *Lenz* v. *City of Detroit* (1960), 361 Mich 166, yet our majority's affirmance of the trial court's judgment

of no cause in that case was based solely upon the fact that plaintiff had failed to present a claim to the city of Detroit in accordance with requirements of its charter. Three months after that decision, plaintiff presented his claim to the city and, upon refusal of payment, instituted this second assumpsit action. Now he is told that this action is barred by the statute of limitations.

In my opinion the statute did not bar either the first assumpsit action or the second. My reasoning is stated fully in Mr. Justice Talbot Smith's dissenting opinion in *Lenz, supra,* at pp 173, 179–183.

More than 11 years have elapsed since the first *Lenz Case* was decided here. Then as now it was perfectly clear that Mr. Lenz had been denied any semblance of administrative due process during the statutorily required and arrogantly curtailed hearing of January 27, 1950. See Justice Talbot Smith's undenied recount of the facts (343 Mich at 603–606). Yet this Court proceeded to apply an old and rule-superseded punctilio of the past. "You sought mandamus when you should have sought certiorari." Thus was the proceeding dismissed with no determination of the merits. To this day it has not been determined judicially that Judge Weideman was right or wrong in finding Lenz entitled to reinstatement.

The then record being full, complete, and certain in support of either writ (mandamus or certiorari), the Court erred grievously in failing to proceed as an earlier membership did in like circumstances:

"We have before us the records of the proceedings from the start of the cases in justice's court to, and including, the appointment of the receiver in the circuit, and they disclose such a succession of errors all along the line that we feel we ought to retain jurisdiction and put an end to the litigation, even though we treat the proceeding here as certiorari

instead of mandamus. This involves no more under the record before us than a mere characterization of the proceeding here by a name, as we have before us exactly what certiorari would bring here. We therefore will consider the questions as though presented by certiorari." (*DeGuzman* v. *Wayne Circuit Judge* (1923), 225 Mich 606, 610).

*DeGuzman* was handed down in 1923. The salutary policy thereof, quoted above, became fixed as a matter of general practice when the so-called Sunderland Revision of Michigan Court Rules was made effective January 1, 1931. See then new Court Rule 55,[1] headed "All Cases Reviewable by Notice of Appeal," p 102, and the author's comment, p 103 (Mich Court Rules, Revision of 1931):

*"Rule Aims at Uniform Method for Every Form of Judicial Review*

"The rule embraces both judicial and quasi-judicial orders, judgments and decrees, in order to make it applicable, as a single standardized form, to every species of judicial review. It seeks to eliminate all distinctions in method of review between the various controversies which arise in the various tribunals, thereby facilitating the process of review and diminishing the hazards which are inevitably involved in a multiplicity of technical forms."

In a variety of cases, petitions and applications, we have "treated" various misnamed pleadings for what they really are and should have been named. And all through the years, between adoption of the 1931 rules and the time of Mr. Lenz' second effort to review his discharge (343 Mich 599), this Court had bound itself (by continuant Court Rule No 1, § 3 [1945])[2] to this simply worded portion of the then

---

[1] For current rules see GCR 1963, 801, 802, adopted October 9, 1963, 373 Mich xxxii, xxxiii.

[2] For current provisions see GCR 1963, 16.

judicature act (CL 1948, § 616.1 [Stat Ann § 27.-838]):[3]

"The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings, which do not affect the substantial rights of the parties."

Looking at the painful history of litigation which has ensued since the Court refused to decide, in 1953, whether Judge Weideman's order should be reversed or affirmed on the merits, our then error is patent now if it was not at the time. While it cannot be repaired on this appeal, it can be by *sua sponte* order vacating our decision in the 1953 appeal and proceeding again to decision of that appeal, but this time by treating the proceedings as proceedings in certiorari instead of mandamus. Simultaneous with our decision herein, I shall submit the following proposed order for entry *sua sponte* in the 1953 proceedings before this Court:

On the Court's own motion, the order of the Court entered December 29, 1953 in the appeal of *Lenz* v. *Mayor of Detroit* (1953), 338 Mich 383, hereby is vacated. Considering the proceedings there reviewed as proceedings in certiorari instead of mandamus (see *DeGuzman* v. *Wayne Circuit Judge* [1923], 225 Mich 606), the circuit court's judgment directing defendant to reinstate plaintiff is treated as a judgment quashing the proceedings before the defendant and setting aside the defendant's order discharging plaintiff from his employment. Such judgment hereby is affirmed and the cause remanded to the circuit court for entry of an order in accordance herewith and for remand of this matter to the mayor of the city of Detroit for the full hearing required by section 2 of the veterans' preference act

---

[3] For current provisions see PA 1961, No 236, § 2301 (CLS 1961, § 600.2301 [Stat Ann 1962 Rev § 27A.2301]).

(CL 1948, § 35.402 *et seq.* [Stat Ann 1961 Rev § 4.1222 *et seq.*]).[4]

BLACK, J. (*concurring*). Having written all presently identified paragraphs for the Court, only to meet with familiar cant as part of the Court accepted some only of those paragraphs and part of the Court accepted the remainder only of such paragraphs, my originally prepared opinion has been withdrawn to avoid repetitious pagination of the 376th Michigan Report.

I concur with all five paragraphs of the opinion which carries Justice O'HARA's flag at high mast and with the concluding five paragraphs of the opinion which carries Justice SOURIS' name on the port bow. That means my vote is cast to affirm the circuit court's judgment of March 27, 1963, without an award of costs.

Having suggested such action in the first place, I shall support entry of the order Justice SOURIS has drafted and proposes for entry. Such proposed order appears at conclusion of his opinion.

ADAMS, J., concurred with BLACK, J.

---

[4] At the conference of the Court on July 13, 1965, the motion failed to carry by virtue of an even division of the Court, Chief Justice T. M. KAVANAGH and Justices BLACK, SOURIS, and ADAMS voting in favor and Justices DETHMERS, KELLY, SMITH, and O'HARA voting against the motion.