# STATE OF MICHIGAN

# COURT OF APPEALS

LINDA MCCORMICK,

Plaintiff-Appellant,

v

HANOVER GROUP, INC., CITIZENS
INSURANCE COMPANY OF AMERICA,
TAMARA WEBER, and CAROLE F.
YOUNGBLOOD,

Defendants-Appellees.

UNPUBLISHED
April 30, 2015

No.  318920
Wayne Circuit Court
LC No.  10-003875-CZ

Before:  HOOD, P.J., and JANSEN and GADOLA, JJ.

PER CURIAM.

In this breach-of-contract and insurance-fraud action, plaintiff appeals as of right the trial court's order granting summary disposition to defendants Hanover Group, Inc. ("Hanover"), Citizens Insurance Company of America ("Citizens"), and Tamara Weber ("Weber") (collectively "defendants"),[1] and dismissing plaintiff's case with prejudice.  We affirm.

## I.  BASIC FACTS

This action arises out of plaintiff's lawsuit against Hanover, Citizens, Weber, and Youngblood, filed March 31, 2010, for insurance proceeds related to a fire that destroyed a home located at 8995 Henry Ruff Road, Livonia, Michigan.  The instant case is but a small part of extensive proceedings in the trial court, this Court, the Michigan Supreme Court, and the United States Court of Appeals for the Sixth Circuit, regarding litigation related, or tangential, to the

---

[1] Another defendant, and former circuit judge, Carole F. Youngblood ("Youngblood") was granted summary disposition in a prior order, which was affirmed by this Court in a prior appeal between the parties.  See *McCormick v Hanover Group, Inc*, unpublished opinion per curiam of the Court of Appeals, issued May 15, 2012 (Docket No. 302011), pp 8-10.  Therefore, Youngblood is not a party to the instant appeal.

-1-

8995 Henry Ruff Road property.[2]   In her complaint, plaintiff alleged two causes of action relevant to the instant appeal:  (1) breach of contract against Hanover and Citizens; and (2) insurance fraud and conspiracy against Hanover, Citizens, and Weber.

On August 2, 2010, Citizens, Hanover, and Weber filed a motion for summary disposition pursuant to MCR 2.116(C)(7).  Defendants first argued that the statutes of limitations for plaintiff's claims for breach of contract, fraud, and conspiracy had expired before March 31, 2010, i.e., when plaintiff filed the complaint.  Second, defendants argued that plaintiff's complaint violated a preliminary injunction entered by Youngblood in 2006, "which prohibited [plaintiff] from filing suit without leave of Court," and that plaintiff failed to obtain leave to bring this action.

The parties appeared for a hearing on defendants' motion for summary disposition on August 20, 2010.  The trial court ruled without hearing oral arguments and denied the motion for summary disposition under MCR 2.116(C)(7), finding insufficient evidence in the record for the court to decide whether the statute of limitations was tolled.  However, the trial court dismissed the complaint because plaintiff violated the injunction, finding that the injunction applied to any lawsuits relating to the property and that the present lawsuit was based on insurance on the property.  The trial court held that it did not matter that Hanover, Citizens, and Weber were not mentioned in the injunction and were not parties to the divorce action.  The trial court concluded that plaintiff's suit violated the preliminary injunction and dismissed the suit.

Plaintiff appealed the trial court's order dismissing her claims against defendants to this Court in 2012.  This Court reversed the trial court's order dismissing plaintiff's claims against Hanover, Citizens, and Weber, holding that "the trial court erred in finding that the preliminary injunction applied to the instant lawsuit against Hanover, Citizens, and Weber.  Plaintiff's lawsuit should not have been dismissed on this ground." *McCormick v Hanover Group, Inc*, unpublished opinion per curiam of the Court of Appeals, issued May 15, 2012 (Docket No. 302011), p 7.  Hanover, Citizens, and Weber also claimed on appeal that plaintiff's claims against them were barred by the applicable statutes of limitations. *Id*.  This Court held that the record was insufficient for the Court "to state with confidence whether some or all of plaintiff's claims are barred by the applicable statutes of limitations, or whether any of the statutes of limitations were tolled by her filing of a lawsuit in federal court.  Accordingly, in light of the sparseness of the record before it and the presence of disputed facts, we find no error in the trial court's denial of summary disposition to defendants on statute of limitations grounds." *Id*. at 8.  This case was then remanded to the trial court for proceedings consistent with the opinion. *Id*. at 10.

On May 30, 2013, defendants filed a second motion for summary disposition, pursuant to MCR 2.116(C)(5), (7), (8), and (10).  Defendants argued that plaintiff's claims in the instant

---

[2] See, e.g., *McCormick v Braverman*, 468 Mich 858; 657 NW2d 118 (2003); *McCormick v Braverman*, 451 F3d 382 (CA 6, 2006); *McCormick v McCormick*, 221 Mich App 672; 562 NW2d 504 (1997); *McCormick v Hanover Group, Inc*, unpublished opinion per curiam of the Court of Appeals, issued May 15, 2012 (Docket No. 302011).

lawsuit were wholly different from the claims alleged by plaintiff in her 2004 and 2006 federal lawsuits related to the property, and therefore, the federal lawsuit did not toll the statute of limitations for plaintiff's claims in this suit, and summary disposition was proper under MCR 2.116(C)(7). Additionally, defendants argued that plaintiff had no insurable interest in the property located at 8995 Henry Ruff Road, so she had no standing to bring suit and summary disposition was proper under MCR 2.116(C)(5). Finally, defendants argued that they had acted in accordance with prior, unappealed or affirmed court orders when they disbursed funds to persons other than plaintiff, and therefore, summary disposition was proper under both MCR 2.116(C)(8) and (10).

On June 13, 2013, defendants filed a motion to strike plaintiff's "final amended complaint and jury demand," which plaintiff had filed on May 24, 2013. Defendants argued that plaintiff did not obtain leave of court or written consent from defendants to file the amended complaint, and therefore, the trial court should strike the amended complaint pursuant to MCR 2.115(B). Plaintiff filed her response to defendants' motion to strike on June 25, 2013. Plaintiff argued that MCR 2.118(A)(1) allows a party to amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party. Plaintiff further argued that because defendants had never filed an answer to plaintiff's original complaint, as required by court rule, plaintiff had the right to amend the complaint because the 14-day period after the filing of a responsive pleading had not passed. Further, plaintiff requested that the trial court enter a default judgment in her favor because of defendants' delay.

When plaintiff raised the argument that defendants had never filed an answer, the trial judge reviewed the lower court file, found that no answer or affirmative defenses were contained in the file, and believed that the answers were simply missing from the court file. The trial judge directed his clerk to call defense counsel to obtain a copy, but defense counsel told the clerk that no answer or affirmative defenses have ever been filed because of the unique procedural posture of the case, i.e., defendants' initial motion for summary disposition/dismissal granted in favor of defendants, appeal, partial reversal on appeal, and finally, remand to the trial court. Defendants then filed their answer on June 25, 2013, and advanced, in pertinent part, the affirmative defenses of statute of limitations, subject-matter jurisdiction, lack of legal capacity to sue, and lack of insurable interest.

On June 26, 2013, plaintiff filed a motion to strike defendants' answer and affirmative defenses, which were filed three years and 86 days after plaintiff filed her complaint. Plaintiff argued that defendants had willfully chosen to "ignore" her, and conspired to conceal their wrongful acts from her, throughout the litigation, with their failure to file their answer to her complaint only the most recent act. Plaintiff further argued that defendants had waived their right to file an answer due to their inexcusable delay, and the doctrine of estoppel should apply.

The parties appeared for a hearing on defendants' motion for summary disposition on June 28, 2013. The trial court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(5) (lack of legal capacity to sue due to plaintiff's lack of insurable interest in the property), (7) (statutes of limitations), (8) (failure to state a claim on which relief can be granted because defendants' actions followed valid court orders), and (10) (no genuine issue of material fact that judgment in defendants' favor was proper because their actions were in conformance with valid court orders). The trial court also denied plaintiff's request for a default judgment.

## II. STATUTE OF LIMITATIONS

Plaintiff first contends that the trial court erred in finding that plaintiff's federal lawsuits did not toll the applicable statutes of limitations. We disagree.

This Court reviews de novo the grant or denial of summary disposition. *Ligon v Detroit*, 276 Mich App 120, 124; 739 NW2d 900 (2007). A party is entitled to summary disposition under MCR 2.116(C)(7) if the opposing party's claim or claims are barred under the applicable statute of limitations. In reviewing motions under MCR 2.116(C)(7), this Court will accept the plaintiff's well-pleaded factual allegations as true unless contradicted by the parties' supporting affidavits, depositions, admissions, or other documentary evidence. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). "If the pleadings demonstrate that one party is entitled to judgment as a matter of law, or if affidavits and other documentary evidence show that there is no genuine issue of material fact concerning the running of the period of limitations, the trial court must render judgment without delay." *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 720; 742 NW2d 399 (2007).

The parties agree that plaintiff's claims are governed by the six-year period of limitations prescribed in MCL 600.5807(8) and MCL 600.5813. The parties disagree, however, when that limitations period began to run, and whether plaintiff's federal lawsuit tolled the applicable limitations period. MCL 600.5807 provides, in pertinent part:

> No person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any contract unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

> * * *

> (8) The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract.

MCL 600.5813 provides that "[a]ll other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes." Thus, plaintiff's claims for breach of contract and fraud are each subject to a six-year statute of limitations. The statute of limitations for plaintiff's conspiracy claim, however, "takes on the limitations period of the underlying wrong that was the object of the conspiracy." *Terlecki v Stewart*, 278 Mich App 644, 653; 754 NW2d 899 (2008). Here, plaintiff's conspiracy claim was related to her fraud claim and would also be subject to a six-year statute of limitations. MCL 600.5813; *Terlecki*, 278 Mich App at 653.

MCL 600.5827 specifies when a claim "accrues":

> Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections [MCL 600.5829 to MCL 600.5838], and in cases not covered by these

sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results.

It is undisputed that plaintiff's claims are not covered by the statutory subsections MCL 600.5829 to MCL 600.5838. Therefore, her claim accrued, "at the time the wrong upon which the claim is based was done." MCL 600.5827; see also *Boyle v Gen Motors Corp*, 468 Mich 226, 231; 661 NW2d 557 (2003) ("[A] claim accrues when the wrong is done.").

Plaintiff's complaint contends that defendants breached the insurance contract they entered into with plaintiff by giving the insurance proceeds to a nonparty to the contract, committed insurance fraud by paying those proceeds to a nonparty, and conspired with the nonparty in furtherance of the fraud. Thus, it is clear that plaintiff's claims all flow directly from defendants' disbursement of insurance funds to David Findling, the court-appointed receiver. Plaintiff first contends that the March 12, 2004 order that the trial court found to be the basis for the accrual date was entered in her parents' divorce case, and therefore, that court never had jurisdiction over plaintiff and could not enter orders to which she would be bound. However, the trial court properly found that the 8995 Henry Ruff Road property was included in the marital estate, and therefore, the divorce court had legitimate jurisdiction over the property and its insurance proceeds. Additionally, though plaintiff contends that she was not a party to the divorce action, this Court previously noted that other orders in that case "list[ed] plaintiff as a third party defendant. Plaintiff provides no factual support for her argument that she is erroneously listed as a party. A party may not merely announce its position and leave it to the Court to discover and rationalize the basis for its claims." *McCormick v Hanover Group, Inc*, unpublished opinion per curiam of the Court of Appeals, issued May 15, 2012 (Docket No. 302011), p 6 n 7, citing *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998). Further, the September 10, 1999 order from Judge Lucas finding that the property belonged solely to the estate of plaintiff's father provides:

> This matter having come on to be heard on the Motions of Eric A. Braverman, Personal Representative of the Estate of Edward McCormick, Deceased, for the entry of the Order Determining Title to Real Estate and Disposing of Plaintiff's Claims regarding Alimony and the Division of the Medical Malpractice Suit, Motion for Attorneys Fees, and Motion for the Court to Adopt Certain Findings of Fact and all parties having been given notice of this hearing and *Linda McCormick and Mary McCormick having appeared in Court to respond to said motions* and the Court being duly advised in the premises. [Emphasis added.]

Plaintiff has provided no support for her contention that she was not a party to the divorce proceedings, and the documentary evidence before the trial court contradicts her contention.

Second, plaintiff contends that the March 12, 2004 order compelling Citizens to disburse proceeds from the insurance policy to the appointed receiver was not the accrual date because that order only allows the receiver to take control of insurance proceeds "when and if issued." However, plaintiff's assertion is unsupported by the order itself. The order explicitly states:

IT IS HEREBY ORDERED that the Receiver's motion is granted.

IT IS FURTHER HEREBY ORDERED that David Findling, Court Appointed Receiver, is granted the authority to take control of the insurance proceeds for the property commonly known as 8995 Henry Ruff Road, Livonia, Michigan, with a legal description of:

Lot 10, Smiley-Ringwald Subdivision, as recorded in Liber 77, Page 35 of Plats, Wayne County Records (the "Property").

IT IS FURTHER HEREBY ORDERED that Citizens Insurance Company, which held the insurance policy in effect for the Property on December 18, 2003, shall disburse the insurance proceeds to David Findling, Court Appointed Receiver.

Thus, despite plaintiff's contention, the 2004 order to compel explicitly required defendants to pay the insurance proceeds to the court appointed receiver. Though plaintiff also claims that her accrual date did not arise until November 12, 2004, when Citizens actually disbursed the funds, it does not matter that defendants continued to contest this order for that time. Citizens was only given the authority, and explicitly ordered, to disburse funds to the receiver because of the March 12, 2004 divorce court order. Because it was this very disbursement that plaintiff relies upon for her claims of breach of contract, fraud, and conspiracy, the trial court properly found that the accrual date of plaintiff's claims was March 12, 2004.

Next, plaintiff claims that the trial court erred when it found that the statute of limitations was not tolled regarding plaintiff's claims against Citizens and Weber. "[T]he statute of limitations is tolled during the time a prior suit is pending between the parties if the prior action is not adjudicated on the merits." *Roberts v City of Troy*, 170 Mich App 567, 581; 429 NW2d 206 (1988). The statute of limitations is also tolled while parties litigate a claim in federal court, if the court dismisses the claim without prejudice. *Id.* This exception does not apply to different causes of action seeking different relief. See *Lenz v Detroit*, 376 Mich 156, 160; 135 NW2d 904 (1965) (holding that a plaintiff's cause of action seeking damages for unlawful discharge was not tolled by a prior suit in which the plaintiff sought mandamus to compel his reinstatement).

Plaintiff filed two separate federal lawsuits that could possibly have tolled the statute of limitations on plaintiff's claims against one or more defendants. On February 20, 2004, plaintiff filed a lawsuit against Citizens and David Findling in the United States District Court for the Eastern District of Michigan. That complaint included three counts: (1) "violation of civil rights, First Amendment petition for redress, seizure and deprivation of non-party plaintiff's property"; (2) "violation of civil rights, fourth amendment illegal search and seizure and abuse of process"; and (3) "violation of civil rights, First, Fifth and Fourteenth Amendments, deprivation of property, redress and due process of law, and violations of the doctrines [of] res judicata[,] estopple [sic] by judgment, declaratory judgment." While the 2004 lawsuit did include plaintiff and Citizens as parties, it is clear that the causes of action in the two cases, i.e., breach of contract, fraud, and conspiracy in the state court case, and numerous allegations of constitutional rights violations in the federal court case, were completely different causes of action seeking

-6-

different relief. *Id*. Thus, plaintiff's 2004 federal complaint and corresponding lawsuit did not toll the statute of limitations.

On April 7, 2006, plaintiff filed a lawsuit against Hanover, alleging numerous violations of her constitutional rights, as well as "insurance fraud, embezzlement, mail fraud, wire fraud, and financial institutional fraud." *McCormick v Hanover Ins Group, Inc*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued December 8, 2006 (Docket No. 06-11719). In the federal district court's opinion dismissing plaintiff's lawsuit under FR Civ P 12(b)(6), and for lack of diversity jurisdiction, the court noted that plaintiff "asserts that she intentionally chose to sue [Hanover] and not Citizens because [Hanover and Hanover Insurance Company] are the ones who violated federal law." *Id*. The federal district court further noted:

> Defendants concede that Hanover Group owns Citizens. Defendants attach a copy of their corporate structure as evidence that each subsidiary is wholly owned and a separate entity apart from Hanover Group. The corporate structure chart appears to illustrate that Hanover Group is the parent corporation of both Hanover and Citizens. It also appears to illustrate that Citizens is a subsidiary of Hanover. [*Id*. at n 2.]

Thus, it is clear that of the parties in the instant lawsuit, only plaintiff and Hanover were parties to the 2006 federal court complaint. While this lawsuit alleged claims of fraud that arguably tolled the statutes of limitations for plaintiff's claims,[3] "the statute of limitations is tolled during the time a prior suit is pending *between the parties*," *Roberts*, 170 Mich App at 581 (emphasis added), and Citizens and Weber were not parties to the 2006 federal lawsuit. Therefore, the trial court did not err when it granted Citizens' and Weber's motion for summary disposition pursuant to MCR 2.116(C)(5) because plaintiff's claims accrued on March 12, 2004, the statute of limitations was not tolled by the 2004 or 2006 federal lawsuits, and plaintiff's complaint, filed on March 31, 2010, was filed after the conclusion of the six-year statute of limitations applicable to all three of plaintiff's claims.

## III. DEFAULT JUDGMENT

Plaintiff next contends that the trial court erred in failing to enter a default judgment against defendants for their failure to file an answer to plaintiff's complaint for over three years. We disagree.

This Court reviews a trial court's decision whether to grant or deny a default judgment for an abuse of discretion. *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 383; 808 NW2d 511 (2011). A trial court abuses its discretion when it reaches a decision that falls outside the range of principled outcomes. *King v Oakland Co Prosecutor*, 303 Mich App 222, 225; 842 NW2d 403 (2013). Further, and to the extent necessary for the resolution of this issue,

---

[3] Neither party disputes the trial court's conclusion that the 2006 federal lawsuit tolled the statutes of limitations for plaintiff's claims, as they pertained to Hanover.

-7-

"[i]nterpretation of a court rule is a question of law that this Court reviews de novo." *Wilcoxon v Wayne Co Neighborhood Legal Servs*, 252 Mich App 549, 553; 652 NW2d 851 (2002).

MCR 1.105 provides that the court rules "are to be construed to secure the just, speedy, and economical determination of every action and to avoid the consequences of error that does not affect the substantial rights of the parties." MCR 2.603(A)(1) provides:

> If a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend as provided by these rules*, and that fact is made to appear by affidavit or otherwise, the clerk must enter the default of that party. [Emphasis added.]

Under MCR 2.108(A)(1), defendants were required to file an answer or other responsive pleading within 21 days after being served with the summons and copy of the complaint.

Plaintiff's original complaint was filed on March 31, 2010. Plaintiff's amended complaint was filed on June 29, 2010. Service of the complaint was not noted in the lower court record until July 20, 2010. On August 2, 2010, less than 21 days after service of the complaint, Hanover, Citizens, and Weber filed a motion for summary disposition, which ultimately led to dismissal of plaintiff's complaint. Defendants' motion for summary disposition was a proper vehicle through which they could "otherwise defend" the lawsuit against them within the court rules, MCR 2.603(A)(1), as evidenced by the fact that it led to a complete dismissal of plaintiff's claims against them. After this Court reversed the trial court order dismissing plaintiff's claims against Hanover, Citizens, and Weber, and remanded the case to the trial court, the parties enthusiastically engaged in discovery efforts, including numerous interrogatories, requests to admit, depositions, and motions to compel. Despite defendants' failure to file an answer and affirmative defenses with the trial court, at no point did defendants fail to "otherwise defend as provided by [the court] rules." MCR 2.603(A)(1). Michigan policy favors the meritorious determination of issues, and therefore disfavors the entry of default judgments in most cases. *Helder v North Pointe Ins Co*, 234 Mich App 500, 506; 595 NW2d 157 (1999), rev'd on other grounds 462 Mich 92 (2000). The merits of such a policy are obvious in cases such as this, where the parties actively litigated and conducted discovery in the lawsuit, despite the fact that defendants inadvertently failed to file an answer to plaintiff's complaint.

Additionally, the trial court correctly found that plaintiff suffered no prejudice from defendants' delay. Plaintiff asserts that she was prejudiced by defendants' delay because she was unaware of some of the defenses raised after discovery was completed, including lack of insurable interest. However, plaintiff claimed that she held legal and rightful title to the property at issue numerous times before defendants' filing of their affirmative defenses. Plaintiff did not suffer any prejudice from defendants' delay because she had asserted her ownership of the 8995 Henry Ruff Road property throughout the litigation. Therefore, the trial court's denial of plaintiff's request for a default judgment was properly denied "to avoid the consequences of error that does not affect the substantial rights of the parties." MCR 1.105.

## IV. FINDINGS OF FACT

Plaintiff also contends that the trial court relied on erroneous facts in its determination regarding defendants' motion for summary disposition. We disagree.

A trial court's findings of fact are reviewed for clear error. *Mericka v Dep't of Community Health*, 283 Mich App 29, 36; 770 NW2d 24 (2009).

Plaintiff first contends that the statute of limitations has expired against any affirmative defenses defendants may claim regarding plaintiff's lack of insurable interest. However, plaintiff has cited no law supporting the proposition that affirmative defenses, such as lack of an insurable interest, are subject to statutes of limitations. Therefore, plaintiff has abandoned this issue on appeal. *Etefia v Credit Technologies, Inc*, 245 Mich App 466, 471; 628 NW2d 577 (2001) ("Insufficiently briefed issues are deemed abandoned on appeal."). Further, even addressing plaintiff's unsupported contention on its merits, it is clear that statutes of limitations apply to legal actions, not affirmative defenses. See, e.g., MCL 600.5807 ("No person may bring or maintain *any action to recover damages* or sums due for breach of contract, or to enforce the specific performance of any contract unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.") (emphasis added).

Second, plaintiff contends that the trial court erred in relying upon the September 10, 1999 order of Judge Lucas in the divorce action of plaintiff's parents. Plaintiff contends that the 1999 order "contained error after error," did not address a March 21, 1980 quitclaim deed transferring the property to plaintiff, and that plaintiff should not be subject to the 1999 order because she was not a party to that case. Judge Lucas's order stated that plaintiff had assisted her mother in preparing legal documents devoid of any merit, this Court's opinion in *McCormick v McCormick*, 221 Mich App at 672, permitted Judge Lucas to award the 8995 Henry Ruff Road property to the marital estate, and no other conveyance of the property prohibited the divorce court from awarding the property to the marital estate. The order provided that the property was "the sole and separate property of the Estate of Edward McCormick," plaintiff's father, subject to a life estate reserved for Mary McCormick, plaintiff's mother. Additionally, and despite plaintiff's contentions, the very first paragraph of Judge Lucas's order provided that plaintiff appeared before the court in her parents' divorce case, and participated in Judge Lucas's determination. Again, plaintiff has provided no evidence contradicting this order.

An insurance policy must be supported by an insurable interest, and a policy that is not so supported is void. *Corwin v DaimlerChrysler Ins Co*, 296 Mich App 242, 257, 258; 819 NW2d 68 (2012). "An 'insurable interest' need not be in the nature of ownership, but rather can be any kind of benefit from the thing so insured or any kind of loss that would be suffered by its damage or destruction." *Morrison v Secura Ins*, 286 Mich App 569, 572-573; 781 NW2d 151 (2009). This requirement "arises out of the venerable public policy against 'wager policies'; which, as eloquently explained by Justice COOLEY, are insurance policies in which the insured has no interest, and they are held to be void because such policies present insureds with unacceptable temptation to commit wrongful acts to obtain payment." *Id*. at 572. Here, the unrefuted 1999 order from the divorce action between plaintiff's parents states, unequivocally, that the property was solely owned by the estate of Edward McCormick. Plaintiff's insurance policy with

Citizens provided, under the heading "Conditions," that Citizens would not be liable "to the 'insured' for more than the amount of the 'insured's' interest at the time of loss." Because plaintiff had no ownership interest in the subject property, the trial court properly granted summary disposition to Citizens and Weber. On the basis of the entire record it is clear that no mistake has been made, and the trial court did not clearly err in finding that plaintiff had no insurable interest in the 8995 Henry Ruff Road property.

## V. GENUINE ISSUE OF MATERIAL FACT

Finally, plaintiff contends that the trial court erred in granting summary disposition in defendants' favor because there were outstanding genuine issues of material fact, i.e., whether defendants breached their contract with plaintiff, such that summary disposition was improper. Again, we disagree.

This Court reviews de novo the grant or denial of summary disposition. *Ligon*, 276 Mich App at 124. A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). In reviewing a grant of summary disposition under MCR 2.116(C)(10), this Court considers the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. *Sallie v Fifth Third Bank*, 297 Mich App 115, 117-118; 824 NW2d 238 (2012). Summary disposition is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10); *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). A genuine issue of material fact exists when, after viewing the evidence in the light most favorable to the nonmoving party, the record leaves open an issue upon which reasonable minds may differ. *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013).

"A material fact is an ultimate fact issue upon which a jury's verdict must be based." *Belmont v Forest Hills Pub Sch*, 114 Mich App 692, 696; 319 NW2d 386 (1982); see also *Black's Law Dictionary* (9th ed) (providing that a material fact is "[a] fact that is significant or essential to the issue or matter at hand"). Plaintiff contends that the trial court never considered whether plaintiff's homeowner's insurance policy was breached, and this constituted a genuine issue of material fact, such that summary disposition was improper.

The trial court granted summary disposition to defendants on numerous grounds, including: (1) statute of limitations, i.e., MCR 2.116(C)(7); (2) lack of legal capacity to sue due to plaintiff's lack of insurable interest, i.e., MCR 2.116(C)(5); (3) failure to state a claim on which relief can be granted because defendants' disbursement of funds to the receiver were required by valid court orders, i.e., MCR 2.116(C)(8); and (4) no genuine issue of material fact that defendants were entitled to judgment as a matter of law because defendants' disbursement of funds to the receiver were required by valid court orders, i.e., MCR 2.116(C)(10). Even if plaintiff was correct that the trial court erred in granting summary disposition to defendants because there were outstanding issues of material fact, summary disposition in defendants' favor would still be proper on the other grounds the trial court relied upon, and therefore, reversal would not be proper. See *Amerisure Ins Co v Auto-Owners Ins Co*, 262 Mich App 10, 21; 684 NW2d 391 (2004) ("[W]e will not reverse a trial court's decision when it reaches the right result for the wrong reasons.").

Additionally, plaintiff's proffered "genuine issue of material fact" is not material to the determination below. The trial court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(10), i.e., the claim for which there must be no genuine issue of material fact, because defendants were "following court orders that were never reversed, overruled, stricken, or otherwise found to be invalid" when they disbursed the insurance funds to the court appointed receiver. The underlying issue of whether defendants breached their insurance contract with plaintiff was not *material* because plaintiff's claims could be dismissed before ever reaching that issue. The issue of breach of contract was not "an ultimate fact issue upon which a jury's verdict must be based." *Belmont*, 114 Mich App at 696. Therefore, there was no genuine issue of material fact and summary disposition in defendants' favor was proper.

Affirmed. Having prevailed on appeal, defendants may tax their costs pursuant to MCR 7.219.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen
/s/ Michael F. Gadola

-11-